Robert TATE, Petitioner–Appellant,

v.

John HEMINGWAY, Respondent–Appellee.

No. 00–1220.

United States Court of Appeals,
Sixth Circuit.

March 27, 2001.

Before KENNEDY and
SUHRHEINRICH, Circuit Judges;
GAUGHAN, District Judge.*

### ORDER

Robert Tate, a pro se federal prisoner, appeals a district court judgment dismissing his habeas corpus petition filed under 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In January 1991, Tate pleaded guilty in the United States District Court for the Eastern District of Michigan to conspiracy to possess with intent to distribute cocaine and distribution of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. However, prior to sentencing, Tate withdrew his guilty plea. Thereafter, the government re-indicted Tate, and a jury found him guilty of conspiracy to possess with intent to distribute and to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1) and 846, possession with intent to distribute controlled substances in violation of § 841(a)(1), attempt to possess with intent to distribute controlled substances in violation of §§ 841(a)(1) and 846, and unlawful use of a communication facility in violation of 21 U.S.C. § 843(b). The court sentenced him to a total of 240 months of imprisonment. A panel of this court affirmed his convictions and sentence in February 1994. *United States v. Tate,* No. 92–2515, 1994 WL 54404 (6th Cir. Feb. 22, 1994) (unpublished per curiam). Thereafter, in April 1995, Tate filed a motion to vacate his sentence under 28 U.S.C. § 2255, which the district court denied in August 1995. The court also denied Tate's motion for reconsideration. This court affirmed the district court's judgment. *See Tate v. United States,* No. 96–2099, 1999 WL 551923 (6th Cir. July 21, 1999) (unpublished per curiam).

In his current § 2241 habeas corpus petition filed in October 1999, Tate argued that the sentencing court improperly enhanced his sentence pursuant to USSG § 3C1.1. On December 16, 1999, the district court dismissed the petition because Tate was improperly seeking to challenge the imposition of his sentence under § 2241, and yet he had failed to show that his remedy under § 2255 was inadequate or ineffective. The district court also denied Tate's motion for reconsideration on

* The Honorable Patricia A. Gaughan, United States District Judge for the Northern District of Ohio, sitting by designation.

January 28, 2000. Tate has filed a timely appeal, essentially reasserting his same ground for relief. He has also filed a motion to correct the record.

■ Initially, we note that although Tate's motion for reconsideration of the judgment denying his § 2255 motion to vacate was not filed until January 3, 2000, the motion is considered to be filed on December 21, 1999, the day Tate placed the motion in the prison mail system. *See Houston v. Lack,* 487 U.S. 266, 270, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). Because Tate filed the motion within ten days of the judgment denying his § 2241 petition, it is more properly construed as a Rule 59(e) motion, and the underlying judgment is properly subject to review. *See Peabody Coal Co. v. Local Union Nos. 1734, 1508, and 1548, UMW,* 484 F.2d 78, 81–82 (6th Cir.1973).

■ Upon review, we conclude that the district court properly dismissed Tate's § 2241 petition. We render de novo review of a district court judgment dismissing a habeas corpus petition filed under 28 U.S.C. § 2241. *See Charles v. Chandler,* 180 F.3d 753, 755 (6th Cir.1999) (per curiam).

■ Under highly exceptional circumstances, a federal prisoner may challenge his conviction and imposition of sentence under § 2241, instead of § 2255, if he is able to establish that his remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *See* 28 U.S.C. § 2255 (last clause in fifth paragraph); *Charles,* 180 F.3d at 756. It is the prisoner's burden to prove that his remedy under § 2255 is inadequate or ineffective. *See id.*

Reviewing recent decisions that have invoked this savings clause, the Sixth Circuit in *Charles* concluded that the courts have done so essentially to permit prisoners to submit claims of actual innocence that would otherwise have been barred under AEDPA. *See id.* at 756–57. Because the petitioner had failed to submit a facially valid claim of actual innocence in *Charles,* the court withheld judgment as to whether a claim of actual innocence would permit a petitioner to have a second bite of the apple. *Id.* at 757; *see also Pack v. Yusuff,* 218 F.3d 448, 453 (5th Cir.2000) (court declines to articulate circumstances when burden would be met because prisoner had a prior opportunity to present claims and he had not presented a claim of actual innocence); *United States v. Barrett,* 178 F.3d 34, 52–53 (1st Cir.1999) (same), *cert. denied,* 528 U.S. 1176, 120 S.Ct. 1208, 145 L.Ed.2d 1110 (2000).

■ Tate has not satisfied this burden for several reasons. First, Tate does not cite to an intervening change in the law which reflects that he may be actually innocent of his crimes. Unlike other prisoners who have obtained review of their claims because they did not have a prior opportunity to present their claims on appeal or in a prior § 2255 motion to vacate, *see In re Davenport,* 147 F.3d 605, 609, 611 (7th Cir.1998); *Triestman v. United States,* 124 F.3d 361, 363, 378–80 (2d Cir. 1997); *In re Dorsainvil,* 119 F.3d 245, 251 (3d Cir.1997), Tate has had multiple opportunities to challenge his convictions and sentence on his asserted ground on appeal and in his prior § 2255 motion to vacate. Although Tate argued that he is "actually innocent" of the conduct which resulted in his sentence enhancement for obstruction of justice, he does not allege that he is actually innocent of the offenses for which he was convicted.

Second, it is unclear whether and to what extent someone like Tate can show actual innocence in relation to his claim challenging the imposition of his sentence. *See Wofford v. Scott,* 177 F.3d 1236, 1244–

45 (11th Cir.1999). We need not resolve this issue in this case, however, because Tate does not rely on any intervening Supreme Court decision for relief.

Third, Tate's remedy under § 2255 is not rendered deficient for any other reason under the circumstances of this case. As the court explained in *Charles,* the remedy under § 2255 is not rendered inadequate or ineffective simply because a petitioner has been denied relief under § 2255, because the petitioner may be denied permission to file a second or successive motion to vacate, or because the petitioner has allowed the one-year statute of limitations to expire. *Charles,* 180 F.3d at 756–58; *accord United States v. Lurie,* 207 F.3d 1075, 1077–78 (8th Cir.2000). "The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255." *See Charles,* 180 F.3d at 758.

Accordingly, we deny the motion to correct the record as moot, and affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.