In the
United States Court of Appeals
For the Seventh Circuit

No. 99-4162

WILLIE EDWARDS, JR.,

Petitioner-Appellant,

v.

UNITED STATES OF AMERICA,

Respondent-Appellee.

Appeal from the United States District Court
for the Northern District of Indiana, Hammond Division.
No. 2:98-CV-152-RL--Rudy Lozano, Judge.

Submitted August 15, 2001/*--Decided September 24, 2001

   Before Posner, Ripple, and Diane P. Wood,
Circuit Judges.

   Per Curiam.  Some years ago, Willie
Edwards was charged and convicted on one
count of conspiring to distribute heroin
and cocaine, in violation of 21 U.S.C.
sec.sec. 846 and 841(a)(1), and another
count of using a telephone to facilitate
the distribution of heroin and cocaine,
in violation of 21 U.S.C. sec. 843(b). He
was sentenced to 324 months' imprisonment
on the first count and, concurrently, 96
months on the second. This court affirmed
both the convictions and sentences on
direct appeal, in United States v.
Edwards, 115 F.3d 1322 (7th Cir. 1997).
Like many others before him, Edwards has
now filed a motion under 28 U.S.C. sec.
2255 seeking to obtain relief from his
sentence based on the Supreme Court's
decision in Apprendi v. New Jersey, 530
U.S. 466 (2000). The district court
denied his motion, and we now affirm that
judgment.

   Before reaching the merits of Edwards's
Apprendi argument, however, we must
address a preliminary question touching
this court's jurisdiction. The district
court denied Edwards's sec. 2255 motion
on July 29, 1999; it entered judgment on
the same day. On August 16, 1999, the
district court docketed a paper from
Edwards entitled "Motion Pursuant to Rule

59(e) and Request for Evidentiary Hearing Pursuant to Rule 8(c) that Governs Habeas Corpus and 28 U.S.C. sec. 2243." Edwards had tendered this paper, with the correct postage, to the prison authorities on August 10, 1999. About two months later, on October 14, 1999, the district court denied the motion, and Edwards filed his notice of appeal to this court on October 22, 1999.

The question is whether Edwards filed that notice of appeal in a timely manner. In general, because the United States is a party to a sec. 2255 case, a petitioner has 60 days in which to appeal. See Fed. R. App. P. 4(a)(1)(B). Measuring that time from the original judgment, however, yields a time for appeal of September 27, 1999, well before Edwards's actual filing date of October 22, 1999. This means that Edwards's appeal was not timely unless the time for filing was tolled by his Motion Pursuant to Rule 59(e). Those motions must be filed within 10 business days of the district court's order, see Fed. R. Civ. P. 59(e), 6(a). The tenth business day after July 29, 1999, was August 12, 1999, two days after Edwards tendered his motion to the prison authorities and four days before the district court received and docketed the motion. If the motion was a timely Rule 59(e) filing, it served to toll the time for taking an appeal until the district court disposed of it. See, e.g., Life Ins. Co. of N. Am. v. VonValtier, 116 F.3d 279, 282 (7th Cir. 1997). If it was not timely for purposes of Rule 59(e), then Edwards's appeal must be dismissed on jurisdictional grounds. (We note that everyone from the district court to the parties before us has assumed that the motion was timely, but because the question goes to our jurisdiction, we must examine it independently.)

In Houston v. Lack, 487 U.S. 266 (1988), the Supreme Court decided that for purposes of Fed. R. App. P. 4(a)(1), a notice of appeal filed by a pro se prisoner would be considered "filed" at the moment of delivery to the prison authorities, rather than at a later point in time after the authorities had forwarded the notice to the court and the court had formally recorded its receipt. Rule 4(c)(1) of the Appellate Rules now reflects this holding. The question here is whether this "mailbox rule" should

apply to a pro se prisoner's filing of a motion under Rule 59(e) as well.

In 1999, this court extended Houston's mailbox rule to the filing of petitions for a writ of habeas corpus, but it noted in the same decision that "this circuit has not ruled on whether the rule should be extended to a pro se prisoner's filing of other papers." Jones v. Bertrand, 171 F.3d 499, 501 (7th Cir. 1999). In other cases, such as Simmons v. Ghent, 970 F.2d 392, 393 (7th Cir. 1992), we assumed that the mailbox rule applies to all prisoner district court filings, including those under Rule 59(e). This appears to be the rule in every other circuit to have considered the point. See In re Rashid, 210 F.3d 201, 204 (3d Cir. 2000) (per curiam); Garrett v. United States, 195 F.3d 1032, 1034 (8th Cir. 1999); Anyanwutaku v. Moore, 151 F.3d 1053, 1057 (D.C. Cir. 1998). The Sixth and the Tenth Circuits have come to the same conclusion in unpublished orders. See Tate v. Hemingway, No. 00-1220, 2001 WL 345772, at *1 (6th Cir. Mar. 27, 2001); Klein v. McClaury, No. 00-1065, 2000 WL 1005238, at *1 n.1 (10th Cir. July 20, 2000). Finally, other circuits have applied the mailbox rule to other kinds of filings in the district court. See Cooper v. Brookshire, 70 F.3d 377, 380 (5th Cir. 1995) (complaint); Caldwell v. Amend, 30 F.3d 1199, 1201 (9th Cir. 1994) (Rule 50(b) motion); Dory v. Ryan, 999 F.2d 679, 682 (2d Cir. 1993) (complaint); Garvey v. Vaughn, 993 F.2d 776, 783 (11th Cir. 1993) (complaint); Thompson v. Raspberry, 993 F.2d 513, 515 (5th Cir. 1993) (per curiam) (objections to magistrate judge's report and recommendation); Faile v. Upjohn Co., 988 F.2d 985, 988 (9th Cir. 1993) (discovery request); Lewis v. Richmond City Police Dep't, 947 F.2d 733, 736 (4th Cir. 1991) (per curiam) (complaint).

The policy on which the Houston Court relied--that is, that institutional constraints prevent prisoners from monitoring the delivery of a notice of appeal after it has been entrusted to the prison authorities--applies with equal force to the filing of a motion under Rule 59(e). We need not decide here whether there is any kind of paper, or any circumstance, under which a district court would be entitled to hold a pro se prisoner litigant to an actual receipt

standard, but we are confident that this would be an exceptional situation. As the Houston Court put it, the "pro se prisoner [ ] cannot personally travel to the courthouse to see that the notice is stamped 'filed' or to establish the date on which the court received the notice." 487 U.S. at 271. We hold, therefore, that the mailbox rule applies to motions filed pursuant to Rule 59(e). This in turn means that Edwards may proceed with his appeal: he has certified to this court that he deposited the motion in the prison mailbox with the correct postage on August 10, 1999, two days before the August 12, 1999, deadline.

Unfortunately for Edwards, this procedural victory is not a harbinger of success on the merits. On appeal, he has abandoned the grounds for the sec. 2255 motion that he had presented to the district court and has instead urged us to find that Apprendi requires us to set aside his conviction and sentence. This court granted a certificate of appealability on two issues: (1) whether Edwards's sentence of 324 months is lawful in light of Apprendi, and (2) whether Apprendi applies retroactively to first-time motions under 28 U.S.C. sec. 2255, as opposed to second or successive motions.

Upon closer examination of the record, we have concluded that neither one of these questions is properly presented in Edwards's case. Even assuming that Apprendi applies retroactively to cases on collateral review, Edwards's sentence does not run afoul of its holding. It was uncontested that Edwards had a prior felony drug conviction. The government filed an enhancement information under 21 U.S.C. sec. 851, and we have now made it clear on a number of occasions that we do not read Apprendi as having overruled Almendarez-Torres v. United States, 523 U.S. 224 (1998), which held that enhancements based on recidivism are still sentencing factors, not elements of the offense. See Dahler v. United States, 259 F.3d 763, 765-66 (7th Cir. 2001); United States v. Brough, 243 F.3d 1078, 1081 (7th Cir. 2001). Given all this, Edwards faced a statutory maximum prison term of 30 years (360 months) under sec. 841(b)(1)(C), and his sentence of 324 months does not exceed that cap. See United States v. Jones, 245 F.3d 645,

650-51 (7th Cir. 2001).

   We therefore AFFIRM the judgment of the
district court.

FOOTNOTES

/* After an examination of the briefs and the
record, we have concluded that oral argument is
unnecessary. Thus, the appeal is submitted on the
briefs and the record. Fed. R. App. P. 34(a)(2).