**Keith JENNINGS, Plaintiff-Appellant,**

v.

**Bradley VOYLES, Defendant–Appellee.**

**No. 03–1987.**

United States Court of Appeals, Seventh Circuit.

Submitted May 25, 2004.*

Decided May 28, 2004.

---

\* Appellee notified this court that he was never served with process in the district court and would not be filing a brief or otherwise participating in this appeal. After examining the

Before BAUER, EASTERBROOK, and WILLIAMS, Circuit Judges.

## ORDER

In March 1997 Keith Jennings loaned his car to his brother Khan. Khan was towing the car behind a U–Haul truck when he was pulled over by state trooper Bradley Voyles. Voyles found marijuana in the truck and seized both the truck and the car. Keith Jennings is now suing Voyles under 42 U.S.C. § 1983 for the return of his car, a 1992 Acura Legend, or for "the value of said vehicle based on the 1997 Blue Book." The district court dismissed the complaint under the screening mechanism of 28 U.S.C. § 1915A, concluding that the suit was frivolous. The court said that he has no due process claim under federal law because Illinois has made available adequate post-deprivation procedures to remedy the loss. *See Hudson v. Palmer,* 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984).

Jennings did not file a notice of appeal within 30 days of the underlying judgment. *See* Fed. R.App. P. 4(a)(1)(A).

appellant's brief and the record, we have concluded that oral argument is unnecessary. Accordingly, the appeal is submitted on the appellant's brief and the record. *See* Fed. R.App. P. 34(a)(2).

He did file a motion under Rule 60(b) of the Federal Rules of Civil Procedure, which, if it was filed within ten days of the entry of judgment, would have tolled the time for filing a notice of appeal. *See* Fed. R.App. P. 4(a)(4)(A)(vi). To define our jurisdiction, we asked Jennings to file an affidavit stating when he placed his post-trial motion in the prison mail system and whether he prepaid first class postage. Jennings responded that he mailed the notice of appeal via first-class mail within ten days of the judgment. He did not say that he utilized the prison mail system or that he prepaid his postage, so his statement is insufficient to claim the benefit of Federal Rule of Appellate Procedure 4(c) or the judicially-created "mailbox rule" on which it rests. *See United States v. Craig,* 368 F.3d 738, 740–41 (7th Cir.2004); *Edwards v. United States,* 266 F.3d 756, 758 (7th Cir.2001). We lack jurisdiction over the underlying judgment, so we review here only the district court's denial of Jennings's Rule 60(b) motion.

Relief under Rule 60(b) is an extraordinary remedy reserved for exceptional circumstances, *Provident Sav. Bank v. Popovich,* 71 F.3d 696, 698 (7th Cir. 1995), and we review its denial only for an abuse of discretion, *Talano v. Northwestern Med. Faculty Found., Inc.,* 273 F.3d 757, 762 (7th Cir.2001). Jennings argued in his motion that he was entitled to relief because his post-deprivation remedies in Illinois courts are inadequate because he filed a suit (he does not say what type) in May 2001 but "the state of Illinois has not responded" and there is "nothing to indicate it was processing plaintiff's claim for the return of his property." A post-deprivation remedy is inadequate only if it is "meaningless" or "nonexistent," *Hamlin v. Vaudenberg,* 95 F.3d 580, 585 (7th Cir. 1996), and Jennings has not shown that his remedies in Illinois were either. The district court did not abuse its discretion in refusing to grant him relief.

We AFFIRM the district court's judgment and note that Jennings should be assessed two "strikes" under the PLRA, one for his frivolous lawsuit and one for this frivolous appeal.