**Cleveland SMITH, Plaintiff–Appellant,**

v.

**Arshad ASGHAR, et. al., Defendants–Appellees.**

**No. 03–3605.**

United States Court of Appeals, Seventh Circuit.

Submitted Oct. 21, 2004.*

Decided Oct. 21, 2004.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Cleveland Smith, Indiana State Prison, Michigan City, IN, pro se.

Roger K. Kanne, Zeigler, Cohen & Koch, Indianapolis, IN, for Defendants–Appellees.

Before MANION, EVANS, and SYKES, Circuit Judges.

## ORDER

Cleveland Smith, a prisoner confined at the Indiana State Prison (ISP), filed a complaint under 42 U.S.C. § 1983 alleging that prison physicians violated his Eighth Amendment rights by failing to properly diagnose and treat his deviated nasal septum. Smith's medical condition originated in 1994, when another inmate broke his nose during a fight. His nose never healed properly, and for five years he experienced chronic pain, breathing problems, inability to sleep, and sinus infections. Physicians at ISP repeatedly diagnosed him with sinus infections until 1999, when an ear, nose, and throat specialist at Wishard Hospital identified Smith's deviated septum and the presence of deformed cartilage and bone that would require surgery to correct. In his complaint, Smith alleged that the physicians at ISP were deliberately indifferent to his serious medical needs because for five years they misdiagnosed his condition and insisted on a course of conservative treatment that did not alleviate his symptoms. Smith also claimed that indifference was demonstrated by the 11–month delay between the specialist's surgery recommendation and the date on which the surgery finally took place.

The district court dismissed, at various stages, 15 of the 17 defendants originally named in Smith's complaint. The two remaining defendants, Dr. James Beckett, who formerly served as the Medical Director at ISP, and Dr. Arshad Asghar, a staff physician who treated Smith on several occasions and ultimately referred him to the specialist at Wishard, both moved for summary judgment. The district court granted Dr. Beckett's motion because Smith's complaint was untimely as to the former director, who had left ISP more than two years before the complaint was filed. The district court also granted Dr. Asghar's motion on the ground that no rational fact finder could conclude that he was deliberately indifferent to Smith's condition. Smith, who is proceeding pro se, argues that it was error to grant summary judgment for these two doctors but does not contest the dismissal of the other defendants. We affirm.

We review de novo the district court's decision to grant summary judgment. *Morfin v. City of East Chicago,* 349 F.3d 989, 996 (7th Cir.2003). As to Dr. Beckett, Smith did not meet his burden of coming forward with specific facts demonstrating a genuine issue of material fact with respect to the timeliness of his claim. We apply Indiana's two-year statute of limitations for personal injuries to Smith's § 1983 claim. *Brademas v. Ind. Hous. Fin. Auth.,* 354 F.3d 681, 685 (7th Cir. 2004). Dr. Beckett submitted an affidavit from a prison official that identifies his last day of work at the prison as January 23, 1997. With the benefit of the "mailbox rule" for prisoners filing pro se, *see Edwards v. United States,* 266 F.3d 756, 758 (7th Cir.2001), Smith's complaint is deemed "filed" on February 16, 1999, the

date on which he delivered the complaint to prison officials for mailing. His claim is thus time-barred as to events that occurred prior to February 16, 1997, and Dr. Beckett was properly granted summary judgment because he left ISP before that date.

■ Summary judgment was also proper as to Dr. Asghar. To establish deliberate indifference, a prisoner must show that he suffered from an objectively serious medical condition and that the defendant knew of and disregarded his needs. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir.1997). An incorrect diagnosis is not deliberate indifference, *Steele v. Choi*, 82 F.3d 175, 178 (7th Cir.1996), nor is treatment that is so negligent that it amounts to malpractice. *Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir.2002). Even if we, like the district court, assume that Smith's condition was "serious," the parties' submissions established that Dr. Asghar was consistently responsive to Smith's requests for treatment. On numerous occasions, Dr. Asghar prescribed antihistamines, pain relievers, nasal steroids, and antibiotics to alleviate Smith's symptoms, and when that course of treatment proved unsuccessful, he referred Smith to a specialist. None of Smith's submissions establish that Dr. Asghar knew the true cause of Smith's condition. Even if the doctor was "careless in not appreciating the need to investigate several possible explanations" for Smith's symptoms, such carelessness does not amount to a constitutional violation. *Walker v. Peters*, 233 F.3d 494, 499 (7th Cir.2000).

Furthermore, Dr. Asghar cannot be held responsible for the period of time that elapsed between August 1999, when the specialist recommended surgery, and July 2000, when the procedure took place. In his motion for summary judgment, Dr. Asghar submitted affidavits and medical records that document the steps he took to follow up on the specialist's surgery recommendation. He approved, on the same day he received it, the specialist's August 1999 request that Smith be returned to the hospital to undergo a cardiac consultation as a precursor to surgery. The consultation took place the next month, at which time the specialist requested further testing, which also was approved by Dr. Asghar and scheduled for October 1999, the same month that Dr. Asghar left ISP. Although Smith did not have surgery until July 2000, he offered no evidence that Dr. Asghar had control over the timing of the procedure, and Dr. Asghar is not responsible for delays that occurred after he left the prison. *See Walker v. Benjamin*, 293 F.3d at 1038.

AFFIRMED.