**Terry JORDAN, Petitioner–Appellant,**

v.

**John R. VANNATTA, Respondent–Appellee.**

No. 04–2612.

United States Court of Appeals, Seventh Circuit.

Submitted March 8, 2005.*

Decided March 9, 2005.

Terry Jordan, Bunker Hill, IN, pro se.

David L. Steiner, Office of the Attorney General, Indianapolis, IN, for Respondent–Appellee.

Before MANION, KANNE, and EVANS, Circuit Judges.

ORDER

Indiana inmate Terry Jordan sought a writ of habeas corpus under 28 U.S.C. § 2254, contesting his prison disciplinary board's decision to rescind ninety days of

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

earned credit time after finding him guilty of possession of an unauthorized controlled substance. The district court denied his petition on the merits. Twenty-one calendar days after the date of entry of the judgment, Jordan filed a "Motion for Amendment of Judgement," which the district court deemed to be governed by Fed. R.Civ.P. 60(b). Because such a motion is the equivalent of a second or successive habeas petition, the court determined that it lacked jurisdiction to hear the motion. Jordan timely appealed this ruling, and we affirm.

Jordan's notice of appeal was filed after the thirty-day deadline for appeal of the original judgment, *see* Fed. R.App. P. 4(a)(1)(A); *Easley v. Kirmsee*, 382 F.3d 693, 696 (7th Cir.2004), so we consider only whether the district court properly resolved the postjudgment motion. Jordan does not take issue with the district court's conclusion that his motion, construed as one under Rule 60(b), corresponded in essence to a second collateral attack that the court lacked jurisdiction to hear. *See Dunlap v. Litscher*, 301 F.3d 873, 875–76 (7th Cir.2002); *Burris v. Parke*, 130 F.3d 782, 783–84 (7th Cir.1997); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir.1996).

His only plausible challenge to the district court's decision is his argument that the court erred in finding his motion untimely under Rule 59(e). Rule 59(e) states that "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." Jordan contends that in his case the ten days stipulated in the rule should be measured not from the date of entry of the judgment, but from the date of his receipt of the judgment. He points out that he depended on the prison system for delivery of the judgment order, and that in *Houston v. Lack*, 487 U.S. 266, 272–73, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), the Supreme

Court acknowledged that prisoners had special circumstances that required filing rules to be interpreted flexibly. *Houston*, however, concerned only the date on which a pro se prisoner's notice of appeal would be deemed to be filed. We have since extended the Court's holding in *Houston* to apply to the filing of a motion under Rule 59(e), *see Edwards v. United States*, 266 F.3d 756, 757 (7th Cir.2001), but neither decision says anything about the date that triggers the ten-day period within which such a filing must take place. Consequently, the decision of the district court is AFFIRMED.