**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted September 28, 2005[*]
Decided September 28, 2005

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 04-2594

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　*Plaintiff-Appellee,*<br><br>　　　v.<br><br>TIMOTHY BOGAN,<br>　　*Defendant-Appellant.* | Appeal from the United States District<br>Court for the Northern District of<br>Illinois, Eastern Division<br><br>No. 02 CR 403<br><br>James B. Zagel,<br>*Judge.* |

**O R D E R**

      Timothy Bogan pleaded guilty to possession with intent to distribute cocaine base, 21 U.S.C. § 841(a)(1), and was sentenced to 121 months of incarceration and 60 months of supervised release.  He did not appeal his conviction or his sentence. More than eight months after the final judgment was entered, Bogan filed what he captioned as a "Petition to Dismiss Indictment for Failure to Charge a Federal Offense and Lack of Jurisdiction in that the Indictment Is Vague and Insufficient." On March 31, 2004, the district court entered an order purporting to deny the

---

     [*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record.  *See* Fed. R. App. P. 34(a)(2).

submission as "untimely."  On April 14, Bogan filed a motion for reconsideration, which the court denied the following day without explanation.

On May 26, 2004, Bogan filed a "Writ of Mandamus" in this court requesting review of the denial of his petition to dismiss the indictment.  We denied the writ, docketed as case number 04-2730, on June 21.  Days later Bogan filed a notice of appeal, which we docketed under the present case number.  We informed Bogan that the notice of appeal was deficient for failing to identify the decision he sought to appeal and also instructed him to file a memorandum explaining why the appeal should not be dismissed for lack of jurisdiction.  Bogan filed a "jurisdictional statement" in which he repeated the arguments advanced in his petition to dismiss the indictment but did not identify the decision he wanted to appeal.  The government also filed a jurisdictional memorandum in which it argued that the appeal should be dismissed because Bogan had not identified the order he was appealing, and in the alternative because his notice of appeal is untimely as to either of the district court's March or April 2004 orders.  After requesting additional information from the parties, we decided to treat Bogan's "Writ of Mandamus" as his notice of appeal and set a briefing schedule.

Not satisfied, the government would have us dismiss the appeal for lack of jurisdiction because even the "Writ of Mandamus" was filed beyond the 10-day time limit for appeals in criminal cases.  *See* Fed. R. Crim. P. 4(b).  And indeed, if that 10-day limit applies here, the appeal is untimely.  Bogan's submission in the district court, however, is best viewed as a collateral attack rather than a direct appeal.  In his "petition" he argued that the indictment was insufficient for several reasons including vagueness and lack of jurisdiction.  Such a challenge to the sufficiency of an indictment is the stuff of 28 U.S.C. § 2255 ¶1.  *See United States v. Scott*, 414 F.3d 815, 817 (7th Cir. 2005).  And any motion, however labeled, that a criminal defendant files after the expiration of the time for a direct appeal that invokes grounds mentioned in § 2255 ¶1 is a collateral attack.  *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004); *United States v. Evans*, 224 F.3d 670, 672 (7th Cir. 2000).  We therefore recognize Bogan's "petition" as a motion to vacate the judgment under § 2255.  And it is well settled that collateral proceedings are civil. *E.g., Mayle v. Felix*, 125 S. Ct. 2562, 2569 n.4 (2005); *Paters v. United States*, 159 F.3d 1043, 1051 (7th Cir. 1998).  Thus the 10-day rule cited by the government does not apply; rather, a prisoner has 60 days to appeal the denial of a § 2255 motion. Fed. R. App. P. 4(a)(1)(B);  *Edwards v. United States*, 266 F.3d 756, 757 (7th Cir. 2001).  Bogan's appeal is therefore timely, and we decline the government's invitation to dismiss it.

Although we recognize Bogan's filing as a § 2255 motion, the district court apparently did not.  This is puzzling, as the court lacked jurisdiction to reach the merits of the "petition" unless it is deemed a collateral attack.  Once a final judgment has been entered in a criminal case, the district court has no ongoing

jurisdiction, with a few limited exceptions provided by statute. *See Carlisle v. United States,* 517 U.S. 416, 433 (1996) (holding that a district court lacks authority to grant an untimely postconviction motion for judgment of acquittal); *Romandine v. United States,* 206 F.3d 731, 737 (7th Cir. 2000). Here the time periods for filing postconviction motions under Rules 29(c) or 35(c) of the Federal Rules of Criminal Procedure, for example, had long since expired. Unless the district court construed the filing as a motion under § 2255, it had no choice but to dismiss for lack of jurisdiction.

As a motion under § 2255, Bogan's filing was not untimely, *see* 28 U.S.C. § 2255 ¶6, and we must vacate the order denying it although we express no opinion about the merits. On remand the district court should proceed with Bogan's filing as a motion for collateral relief under § 2255.

VACATED and REMANDED.