NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted November 29, 2007[*]
Decided December 13, 2007

**Before**

Hon. JOEL M. FLAUM, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 06-4236

| | |
|---|---|
| JACK JERVIS,<br>        *Plaintiff-Appellant,*<br><br>        *v.*<br><br>MICHAEL MITCHEFF,<br>        *Defendant-Appellee.* | Appeal from the United States District Court for the Northern District of Indiana, South Bend Division<br><br>No. 3:05-CV-602 RM<br><br>Robert L. Miller, Jr.,<br>*Chief Judge.* |

### O R D E R

Jack Jervis, an inmate at the Indiana State Prison, claims in this action under 42 U.S.C. § 1983 that prison doctor Michael Mitcheff refused to treat knee and back injuries he suffered during an assault by another prisoner.  The district court screened Jervis's amended complaint, *see* 28 U.S.C. § 1915A, and dismissed it on the ground that it fails to state a claim.  We vacate the judgment and remand for further proceedings.

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary.  Thus the appeal is submitted on the briefs and the record.  Fed. R. App. P. 34(a)(2).

For purposes here we accept as true the allegations in the amended complaint. *See Westefer v. Snyder*, 422 F.3d 570, 574 (7th Cir. 2005). According to Jervis, another prisoner shoved him down a flight of stairs on August 2, 2003, and he landed on a cement floor with his left leg pinned beneath him. Afterward he experienced extreme pain in his left knee. The fall also reinjured a herniated disc in his back that had required surgery in 1999, which caused additional pain. Jervis has been confined to a wheelchair since the fall.

Jervis saw Dr. Mitcheff on September 2, 2003. Mitcheff told Jervis that he did not need the wheelchair because there was nothing wrong with him. Mitcheff also accused Jervis of lying about his previous back surgery and made no effort to obtain the medical records from that surgery. During the examination, Mitcheff grabbed and twisted Jervis's left knee, causing him excruciating pain. Despite the pain, Jervis was placed in a hospital segregation cell for six months, during which time he did not receive medical care.

For the next 24 months until Jervis filed suit (he signed his original complaint in August 2005, but it did not reach the district court until September), he continued directing complaints to Dr. Mitcheff about the pain in his knee and back but was never examined again. Jervis also asked to be evaluated by an orthopedic specialist, but Mitcheff refused to order a consult or even give him pain medication for his injuries. As far as we can discern, Jervis has not yet received treatment for his knee or back injuries.

Jervis claims in his amended complaint that Dr. Mitcheff displayed deliberate indifference to his serious medical needs over an extended period of time by refusing to investigate, diagnose, or treat his knee and back injuries. Although Jervis grouped his allegations into a single claim, the district court separated them into several parts. First, the court stated incorrectly that Jervis was seen by Dr. Mitcheff on August 2, 2003, instead of September 2, and thus the court concluded that any claim against Mitcheff for the pain he inflicted at that appointment was barred by the applicable two-year statute of limitations. *See* IND. CODE § 34-11-2-4; *Hoagland v. Town of Clearlake*, 415 F.3d 693, 700 (7th Cir. 2005). Second, the court held that Jervis's allegations of inadequate treatment and lack of access to a specialist could not amount to deliberate indifference because Mitcheff had provided some treatment and a prisoner is not entitled to "specific" treatment or the "best care possible." Finally, the court concluded that while failure to request Jervis's previous medical records "may have been negligent, even medical malpractice," it was "not the functional equivalent of wanting harm to come to" Jervis and, therefore, did not amount to deliberate indifference.

On appeal Jervis argues that the district court erred in holding that his amended complaint fails to state a claim for deliberate indifference. We review

de novo a dismissal under § 1915A for failure to state a claim. *Westefer*, 422 F.3d at 574. To satisfy the notice-pleading requirements of Federal Rule of Civil Procedure 8(a)(2), a complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); *see Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007). A plaintiff must "provide the grounds of his entitlement to relief" by saying enough to "raise a right to relief above the speculative level," *Twombly*, 127 S. Ct. at 1965-66 (internal quotation marks, brackets, and citation omitted), though "[s]pecific facts are not necessary," *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007). *See Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.2d 663, 667 (7th Cir. 2007). Pro se complaints are liberally construed and held to less-exacting standards than those drafted by counsel. *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001).

The district court erred in concluding that Jervis's suit against Dr. Mitcheff is partly barred by the statute of limitations. Unlike the district court, we do not read the amended complaint to include multiple, discrete claims. Rather, Jervis alleges that ever since he first met with Mitcheff in September 2003, he has not received medical treatment for his knee and back injuries. Deliberate indifference to a serious medical need is a continuing violation that accrues when the defendant has notice of the untreated condition and ends only when treatment is provided or the inmate is released. *See Heard v. Sheahan*, 253 F.3d 316, 318-19 (7th Cir. 2001). The statute of limitations commences anew every day that treatment is withheld, *see id.* at 318, so in this case it does not matter whether Jervis sued more than two years after he saw Mitcheff for the first and only time. In any event, the district court should not have undertaken to address the statute of limitations at the screening stage. A district court should not raise and resolve affirmative defenses at screening unless the outcome is obvious and would render the suit frivolous, *see*, *e.g.*, *Gleash v. Yuswak*, 308 F.3d 758, 760 (7th Cir. 2002), and here the court both misstated the date when Mitcheff examined Jervis and overlooked that the "mailbox rule" governs the filing date of this lawsuit for limitations purposes, *see Edwards v. United States*, 266 F.3d 756, 758 (7th Cir. 2001).

As to the entirety of Jervis's amended complaint, we conclude that it satisfies notice-pleading standards. To state an Eighth Amendment claim, an inmate need allege only that a prison official responded with deliberate indifference to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A deliberate indifference claim includes both an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To prevail an inmate must first show that his medical condition is "objectively, sufficiently serious," *id.*, which, in this context, means that the medical condition "has been diagnosed by a physician" or "is so obvious that even a lay person would perceive the need for a doctor's attention," *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Second, the inmate must show that the officials knew of and disregarded "an excessive risk to inmate health or safety." *Farmer*,

511 U.S. at 837. A disagreement with a doctor's medical judgment or even evidence of malpractice generally will not establish deliberate indifference, *Estelle*, 429 U.S. at 106, but neither will dispensing a modicum of treatment automatically preclude a deliberate indifference claim if a finder of fact could infer that the care provided was so inadequate as to constitute intentional mistreatment, *Edwards v. Snyder*, 478 F.3d 827, 831 (7th Cir. 2007); *Gil v. Reed*, 381 F.3d 649, 664 (7th Cir. 2004); *Sherrod v. Lingle*, 223 F.3d 605, 611-12 (7th Cir. 2000); *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996).

The district court dismissed Jervis's amended complaint with the explanation that his allegations do not amount to deliberate indifference. As to the objective prong, the district court did not question, and neither do we, that a knee injury and herniated disc that required Jervis to use a wheelchair could constitute a serious medical condition. *See Gutierrez v. Peters*, 111 F.3d 1364, 1370-71 (7th Cir. 1997) (holding that "medical conditions far less critical than 'life-threatening'" are sufficient if denial of care results in pain and suffering that serve no penological purpose). As to the subjective prong, however, we disagree with the court's conclusion that Jervis's complaint cannot be read to allege indifference to his injuries. Jervis alleges that Dr. Mitcheff knew of his injuries and pain from the time the two met on September 2, 2003. Jervis also alleges that Mitcheff has blinded himself to those injuries by refusing to adequately investigate and diagnose the source of his pain, insisting there was nothing wrong with him, and by denying his requests to see an orthopedic specialist. A fact finder could conclude that these allegations, if true, evidence more than disagreement about the course of treatment or Jervis's disappointment with not receiving the "best care possible," as the district court concluded. Furthermore, the district court held that Mitcheff's refusal to obtain Jervis's previous medical records did not show that Mitcheff intended to harm Jervis, but deliberate indifference does not require intentional harm. *See Farmer*, 511 U.S. at 837. Thus, Jervis's allegations are sufficient to state a claim against Mitcheff for deliberate indifference.

Accordingly, the judgment is VACATED, and the case is REMANDED for further proceedings.