**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 4, 2010[*]
Decided November 1, 2010

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 10-2341

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 99 CR 771 |
| ROBERT ROLLINS, *Defendant-Appellant*. | William J. Hibbler, *Judge*. |

**O R D E R**

On December 15, 2009, the defendant filed in the District Court for the Northern District of Illinois what is styled a "Motion to Dismiss Counts One through Eight of the Indictment Pursuant to Rule 12(b)(2) of the FRCP and Affidavit in Support." On April 6, 2010, he filed a "Post-Trial Motion to Dismiss" the conviction or the indictment for lack of jurisdiction. Both motions were dismissed for lack of jurisdiction and both of these rulings are now challenged on appeal.

---

[*] This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed.R. App.P. 34(a); Cir.R. 34(f).

Both of the defendant's motions challenge the jurisdiction of the district court over the defendant and seek the vacation of the conviction and the reduction of his sentence. These claims fall squarely within the ambit of 28 U.S.C. § 2255(a), and should be construed as § 2255 motions.

The government in its argument here has incorrectly identified the filing deadline for the defendant's appeal.  It is true that the deadline for filing an appeal from the denial of habeas corpus relief is governed by FED. R. APP. P. 4(a), which prescribes a default filing deadline of thirty days in civil cases.  FED. R. APP. P. 4(a)(1)(A).  But where the United States is a party to a civil case the applicable deadline is sixty days.  FED. R. APP. P. 4(a)(1)(B). Therefore, an appeal from the denial of a motion pursuant to 28 U.S.C. § 2255, in which the United States is a party, enjoys a sixty day deadline.  *See Edwards v. United States*, 266 F.3d 756, 757 (7th Cir. 2001).  Here, the district court entered its final judgment denying the defendant's April 6 motion on April 14, 2010, and the defendant filed this appeal approximately fifty days later on June 2, 2010.  Given our determination to construe the defendant's motions as having been made pursuant to § 2255, the appeal was not untimely.

Nevertheless, this appeal must be dismissed.  The defendant has already filed a § 2255 motion which was denied on November 20, 2006.  The defendant's present motions are therefore successive motions for relief under § 2255.  The defendant has not obtained the necessary authorization, pursuant §§ 2255(h) and 2244, to file successive motions.

For the foregoing reasons, the appeal is **DISMISSED.**