11-5426-cv
Burfeindt v. Postupack

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of January, two thousand thirteen.

PRESENT:
> REENA RAGGI,
> PETER W. HALL,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

-----------------------------------------------------------------------

JEFFREY CHARLES BURFEINDT,

> *Plaintiff-Appellant*,

v.                                                  No. 11-5426-cv

NINA POSTUPACK, HUDSON VALLEY FEDERAL CREDIT UNION, GERALD C. ROTH, ESQ., MARK A. KROHN, ESQ., STATE OF NEW YORK, a.k.a. SUPREME COURT OF THE STATE OF NEW YORK,

> *Defendants-Appellees*.

-----------------------------------------------------------------------

FOR APPELLANT:      Jeffrey Charles Burfeindt, *pro se*, Wappingers Falls, New York.

FOR APPELLEES:      Michael J. Murphy, Carter, Conboy, Case, Blackmore, Maloney & Laird, P.C., Albany, New York, *for* Mark A. Krohn, Esq.

Eric T. Schneiderman, Attorney General of the State of New York, Barbara D. Underwood, Solicitor General, Andrea Oser,

1

Deputy Solicitor General, Owen Demuth, Assistant Solicitor General, of Counsel, Albany, New York, *for* the State of New York.

John W. Bailey, Bailey, Kelleher & Johnson, P.C., Albany, New York, *for* Nina Postupack.

Robert Sambursky, Stein, Wiener & Roth, LLP, Carle Place, New York, *for* Hudson Valley Federal Credit Union *and* Gerald C. Roth.

**UPON DUE CONSIDERATION**, it is hereby **ORDERED**, **ADJUDGED**, **AND DECREED** that the district court judgment is **AFFIRMED**.

Appellant Jeffrey Charles Burfeindt, pro se, appeals from the October 19, 2011 judgment of the United States District Court for the Northern District of New York (Sharpe, *C. J.*) granting the defendants' motions to dismiss the complaint, and the district court's November 29, 2011 order denying Burfeindt's Fed. R. Civ. P. 59 motion to amend the judgment. We assume the parties' familiarity with the underlying facts and the procedural history of the case.

As an initial matter, defendant Mark Krohn contends that Burfeindt's appeal is untimely because the prison mailbox rule should not apply to Rule 59 motions, but be limited to notices of appeal. This court has already extended the rule beyond notices of appeal. See Noble v. Kelly, 246 F.3d 93, 97 (2d Cir. 2001) (applying prison mailbox rule to habeas petitions); Tapia-Ortiz v. Doe, 171 F.3d 150, 152 (2d Cir. 1999) (applying rule to filing of administrative complaint); Dory v. Ryan, 999 F.2d 679, 682 (2d Cir. 1993) (applying rule to filing of civil complaints). Meanwhile, a number of our sister circuits have extended the

rule to Rule 59 motions. See Edwards v. United States, 266 F.3d 756, 758–59 (7th Cir. 2001) (applying prison mailbox rule to Rule 59 motions); United States v. Duke, 50 F.3d 571, 575 (8th Cir. 1995) (same); Smith v. Evans, 853 F.2d 155, 161–62 (3d Cir. 1988) (same). We need not conclusively decide the rule's application to Rule 59 motions, however, because even if we were to decide that issue in favor of Burfeindt, we would affirm the challenged judgment.[1]

This Court reviews de novo a district court decision dismissing a complaint pursuant to Rule 12(b)(1) or (6). See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (Rule 12(b)(1)); Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002) (Rule 12(b)(6)). In each instance, this Court "constru[es] the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." Chambers v. Time Warner, Inc., 282 F.3d at 152; see also Triestman v. Fed. Bureau of Prisons, 470 F.3d at 474. Dismissal of a case for lack of subject-matter jurisdiction under Rule 12(b)(1) is proper "when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). The denial of a Rule 59 motion is reviewed for abuse of discretion. Schwartz v. Liberty Mut. Ins. Co., 539 F.3d 135, 150 (2d Cir. 2008).

---

[1] Insofar as the State argues that Burfeindt's appeal is limited to the denial of his Rule 59 motion, to the extent Burfeindt's Rule 59 motion is deemed timely, our precedent instructs that such a motion "suffices to bring up for review the underlying order or judgment, at least where the motion renews arguments previously made." "R" Best Produce, Inc. v. DiSapio, 540 F.3d 115, 121 (2d Cir. 2008).

Although Burfeindt challenges the district court's consideration of the state court judgment, it is "well established that a district court may rely on matters of public record in deciding a motion to dismiss under Rule 12(b)(6)." Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 75 (2d Cir. 1998). Moreover, in dismissing a complaint for lack of subject-matter jurisdiction under Rule 12(b)(1), a court "may refer to evidence outside the pleadings." Makarova v. United States, 201 F.3d at 113. Here, in dismissing claims under the Rooker-Feldman doctrine, the district court did not find that the judgment of foreclosure was proper, or that Burfeindt's challenges to the state court judgment were meritless; it determined only that the judgment had been entered before the federal complaint was filed. This was not improper. See International Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc., 146 F.3d 66, 70 (2d Cir. 1998) (finding that a "court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings" (internal quotation marks omitted)).

As to the remainder of Burfeindt's claims, after reviewing his contentions on appeal and the record of proceedings below, we conclude that they are uniformly without merit, and we affirm for substantially the same reasons stated by the district court in its opinion.

Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4