# In the United States Court of Federal Claims

No. 13-319 C

(Filed: June 13, 2013)

|  |  |  |
|---|---|---|
| IAN OWEN SHARPE et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Prison Mailbox Rule Applicable |
| | ) | to Filing of Incarcerated Plaintiffs' |
| v. | ) | Pro Se Complaint |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

Ian Owen Sharpe, Gregory R. Young and Michael Troy Olson, Marianna, FL, pro se.

Veronica N. Onyema, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.

## ORDER

HEWITT, Chief Judge

I.      Background

Plaintiffs' complaint was filed on receipt by the office of the Clerk of Court on May 6, 2013. See generally Allegation of Fed. Constitutional Question Jurisdiction (Compl.) (Complaint or Compl.), Docket Number (Dkt. No.) 1. Effective May 1, 2013, the court's filing fee had increased from $350 to $400. See U.S. Court of Federal Claims Schedule of Fees, available at www.cofc.uscourts.gov/fee-schedule. Accordingly, when--on May 13, 2013--the court received a filing fee of $350 from plaintiffs, the court's records reflected an outstanding balance of $50. See generally Dkt. (reflecting partial payment).

On May 21, 2013 the court issued an order dismissing plaintiffs' Complaint, sua sponte, for lack of subject matter jurisdiction. Order of May 21, 2013, Dkt. No. 8, at 1; plaintiffs' case was closed on May 22, 2013, see J., Dkt. No. 9 (entering judgment for defendant and dismissing the Complaint). Plaintiffs were ordered to pay to the court "the $50 balance they owe with respect to the court's filing fee." Order of May 21, 2013, at 3.

Now before the court is plaintiffs' Motion to Quash or Vacate Instruction to Pay (plaintiffs' Motion or Pls.' Mot.), received June 10, 2013. Plaintiffs' Motion was not filed by the office of the Clerk of Court because this case is closed and because there was no provision in the Rules of the United States Court of Federal Claims for the filing of plaintiffs' Motion.

Because the court finds that justice requires that plaintiffs' Motion be filed, the court directs that the case be reopened and GRANTS LEAVE for the filing of plaintiffs' Motion. The office of the Clerk of Court SHALL FILE plaintiffs' Motion.

Plaintiffs assert in their Motion that, pursuant to the "Prisoner litigation 'mailbox rule' prescribed by the Supreme Court," plaintiffs' Complaint should have been "'considered filed at the moment of delivery to prison authorities, rather than at a later point in time after authorities have forwarded item to court and court has formally recorded its receipt.'" Pls.' Mot. 1-2 (misquotation in original) (emphasis omitted) (quoting Edwards v. United States, 266 F.3d 756, 758 (7th Cir. 2001)). Specifically, plaintiffs contend that their Complaint should be deemed filed on April 30, 2013 and that they should therefore be subject to the $350 filing fee in effect at that time. See id.

For the following reasons, plaintiffs' Motion is GRANTED.

II.    Legal Standards

The so-called prison mailbox rule was established by the United States Supreme Court (Supreme Court) in Houston v. Lack, 487 U.S. 266 (1988). In Houston, a civil case in which a pro se prisoner filed a petition for habeas corpus, the Supreme Court considered whether, under Rule 4(a)(1) of the Federal Rules of Appellate Procedure (Fed. R. App. P.), a pro se prisoner's notice of appeal was "to be considered filed at the moment of delivery to prison authorities for forwarding or at some later point in time." Houston, 487 U.S. at 268; cf. Fed. R. App. P. 4(a)(1) (providing that, in a civil case, a notice of appeal must be filed with the district clerk within thirty days after the entry of the judgment or order being appealed). The Supreme Court held in Houston that the pro se prisoner's "notice of appeal was filed at the time [the] petitioner delivered it to the prison authorities for forwarding to the court clerk." Houston, 487 U.S. at 276.

In deciding Houston, the Supreme Court applied the logic of Fallen v. United States, 378 U.S. 139 (1964), superseded by amendment to Fed. R. Crim. P. 37(a), 18 U.S.C. app. (Supp. II 1966) (repealed 1968)[1] (providing that a district court may extend

---

[1] Rule 37(a) of the Federal Rules of Criminal Procedure (Fed. R. Crim. P.) was abrogated and replaced by Rule 4(b) of the Federal Rules of Appellate Procedure (Fed. R. App. P.); nevertheless, the substance of the amendment to Fed. R. Crim. P. 37(a) was transferred to Fed.

2

the time for filing a notice of appeal "[u]pon a showing of excusable neglect"), as recognized in Carlisle v. United States, 517 U.S. 416 (1996). See Houston, 487 U.S. at 269-70 (discussing Fallen). In Fallen, a criminal case, the incarcerated pro se petitioner sent letters requesting a new trial and requesting an appeal to the relevant district court. Fallen, 378 U.S. at 141-42. The letters were received four days after the ten-day period to appeal expired, but the date on the letters indicated that they were delivered to prison authorities for mailing within the appeals period. See id. The Supreme Court held in Fallen that, because the "petitioner did all he could under the circumstances," the Federal Rules of Criminal Procedure should not be read "so rigidly as to bar a determination of [the petitioner's] appeal on the merits." Id. at 144. The concurring opinion in Fallen suggested that, for the purposes of Rule 37(a) of the Federal Rules of Criminal Procedure as it then existed, "a defendant incarcerated in a federal prison and acting without the aid of counsel files his notice of appeal in time, if, within the 10-day period provided by the Rule, he delivers [the] notice to the prison authorities for forwarding to the clerk of the District Court." Id. (Stewart, J., concurring).

Relying on the analysis of the concurring opinion in Fallen, the Supreme Court in Houston concluded that the incarcerated pro se petitioner timely filed his notice of appeal when he delivered his notice of appeal to prison authorities for forwarding to the appropriate district court before the filing deadline. Houston, 487 U.S. at 270.

Since Houston, the trend in federal courts appears to be toward extending the prison mailbox rule to all pro se prisoner district court filings. See Edwards, 266 F.3d at 758 (discussing the expansion of the Houston prison mailbox rule and stating that "every other circuit to have considered the point" appears to have "assumed that the mailbox rule applies to all prisoner district court filings" (citing Tate v. Hemingway, 8 F. App'x 361, 363 (6th Cir. 2001) (unpublished); In re Rashid, 210 F.3d 201, 204 (3d Cir. 2000) (per curiam), superseded by statute on other grounds, Violent Crime Control and Law Enforcement Act of 1994, Pub. L. No. 103-322, § 320934, 108 Stat. 1796, 2135 (codified at 11 U.S.C. § 523(a)(13) (1994)), as recognized in In re Thompson, 418 F.3d 1362 (3d Cir. 2005); Klein v. McClaury, 221 F.3d 1352 (10th Cir. 2000) (unpublished table decision); Garrett v. United States, 195 F.3d 1032, 1034 (8th Cir. 1999); Anyanwutaku v. Moore, 151 F.3d 1053, 1057 (D.C. Cir. 1998)). Further, a number of courts have applied the prison mailbox rule to the filing of a pro se prisoner's complaint, in particular. See, e.g., Cooper v. Brookshire, 70 F.3d 377, 380 (5th Cir. 1995) ("[W]e join all other circuit courts that have considered this issue and extend the [Supreme] Court's conclusion [in Houston] to the filing of a prisoner's pro se complaint under Rule 5(e) [of the Federal

---

R. App. P. 4(b). Carlisle v. United States, 517 U.S. 416, 424 n.4 (1996). Compare Fed. R. Crim. P. 37(a), 18 U.S.C. app. (Supp. II 1966) (repealed 1968) (stating that a district court may extend the time for filing a notice of appeal "[u]pon a showing of excusable neglect") with Fed. R. App. P. 4(b)(4) (stating that, in a criminal case, a district court may extend the time for filing a notice of appeal "[u]pon a finding of excusable neglect or good cause").

Rules of Civil Procedure (Fed. R. Civ. P.)]"); <u>Dory v. Ryan</u>, 999 F.2d 678, 682 (2d Cir. 1993) (extending <u>Houston</u> to the filing of complaints on the basis that a "prisoner simply has no control over the processing of his complaint, and he should not be required to do more under Fed. R. Civ. P. 5(e) than turn his complaint over to prison officials within the statute of limitations period"), <u>modified on reh'g on other grounds</u>, 25 F.3d 81 (2d Cir. 1994); <u>Garvey v. Vaughn</u>, 993 F.2d 776, 783 (11th Cir. 1993) (holding that the United States Court of Appeals for the Eleventh Circuit "extends <u>Houston</u> to pro se prisoners filing complaints in section 1983 cases and claims under the Federal Tort Claims Act); <u>Lewis v. Richmond City Police Dep't</u>, 947 F.2d 733, 736 (4th Cir. 1991) (per curiam) (finding Fed. R. Civ. P. 5(e) "so similar to the Rules at issue in <u>Houston</u> . . . that it permits identical interpretation").[2]

In <u>Bernaugh v. United States</u>, 168 F.3d 1319 (Fed. Cir. 1998) (per curiam) (unpublished table decision), the United States Court of Appeals for the Federal Circuit (Federal Circuit) applied the prison mailbox rule to an incarcerated pro se plaintiff's motion for reconsideration. <u>See Bernaugh</u>, 168 F.3d 1319 (finding that the record supported a finding that the plaintiff's motion was given to prison officials prior to the filing deadline and concluding, therefore, that the motion could be deemed timely filed). In <u>Bernaugh</u>, the Federal Circuit also articulated the prison mailbox rule broadly:

> In [<u>Houston</u>], the Supreme Court recognized that incarcerated prisoners face special challenges in complying with court filing deadlines. In particular, the prisoner has no way to ensure that prison officials will act promptly to forward the filing to the court. As a result, a prisoner's submission may be deemed filed with the court when it has passed into the control of the prison officials.

<u>Id.</u> (citing <u>Houston</u>, 487 U.S. at 272).

III.    Discussion

Based on the articulation of the <u>Houston</u> prison mailbox rule by the Federal Circuit in <u>Bernaugh</u> and the national trend toward applying the prison mailbox rule to all filings by incarcerated pro se litigants at the trial court level, <u>see supra</u> Part II, the court holds that the prison mailbox rule is applicable in this court with respect to the filing of

---

[2] Rule 5 of the Federal Rules of Civil Procedure (Fed. R. Civ. P.) has been amended and restyled so that subdivision (e) no longer exists. <u>See generally</u> Fed. R. Civ. P. 5. One of several similar former versions of Rule 5 provided in subsection (e), "'The filing of pleadings and other papers with the court as required by these rules shall be made by filing them with the clerk of court . . . .'" <u>See Lewis v. Richmond City Police Dep't</u>, 947 F.2d 733, 736 (4th Cir. 1991) (per curiam) (emphasis omitted) (quoting a former version of Fed. R. Civ. P. 5(e)). The current Rule 5 contains similar language. <u>See</u> Fed. R. Civ. P. 5(d)(2) ("A paper is filed by delivering it . . . to the clerk; or . . . to a judge who agrees to accept it for filing . . . .").

an incarcerated pro se plaintiff's complaint. Therefore, because "a prisoner's submission may be deemed filed with the court when it has passed into the control of the prison officials," see Bernaugh,168 F.3d 1319, the court must determine whether plaintiffs' Complaint was delivered to prison officials for filing prior to the court's May 1, 2013 fee increase. For the following reasons, the court concludes that it was.

First, plaintiffs' Complaint is dated April 30, 2013. Compl. 23. In addition, as plaintiffs point out, see Pls.' Mot. 1, a request for the withdrawal of funds in the amount of $350 from plaintiff Gregory Young's personal account for "Court Fees" is dated April 29, 2013, see id. at Ex. 1 (request for withdrawal). Plaintiffs represent that "they are accustomed to" requests for withdrawals being completed "by Electronic Transfer of Funds . . . the same day." Pls.' Mot. 1. Given that the request for withdrawal was time stamped 4:31:22 p.m. on April 29, 2013 and was for the full amount of the court's filing fee at that time, see id. at Ex. 1 (request for withdrawal), the court has no reason to doubt plaintiffs' assertion that, the next day, on April 30, 2013 the Complaint was placed in the institutional mail system, cf. Pls.' Mot. 1 ("On April 30th, 2013, the Plaintiffs filed a Complaint with this Court . . . .").

Plaintiffs' Complaint is therefore deemed filed on April 30, 2013. Because the court's filing fee at that time was $350 and because plaintiffs have paid that amount in full, plaintiffs' Motion is GRANTED, and the court's instruction that plaintiffs pay the court an additional $50 is VACATED-AS-MOOT.

IT IS SO ORDERED.

s/ Emily C. Hewitt
EMILY C. HEWITT
Chief Judge

5