NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted February 13, 2008[*]
Decided February 14, 2008

**Before**

Hon. JOEL M. FLAUM, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 07-1465

| | |
|---|---|
| RASHEEN JOHNSON, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Southern District of Illinois |
| *v.* | No. 05-900-MJR |
| HARLEY G. LAPPIN, et al., *Defendants-Appellees.* | Michael J. Reagan, *Judge.* |

**O R D E R**

Rasheen Johnson, a federal inmate previously housed at the Federal Correctional Institution in Greenville, Illinois, filed this action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), claiming that he was denied due process during two disciplinary hearings that resulted in the loss of good time.  He also claims that he was confined in a frigid "dry cell" for six days without clothing, bedding, or personal-hygiene items, in violation of the Eighth Amendment.  The district court screened Johnson's

---

[*] The appellees were not served with process in the district court and are not participating in this appeal.  After an examination of the appellant's brief and the record, we have concluded that oral argument is unnecessary.  Thus the appeal is submitted on the appellant's brief and the record.  FED. R. APP. P. 34(a)(2).

complaint prior to service, *see* 28 U.S.C. § 1915A, and dismissed it on the ground that it fails to state a claim. We agree as to the due process claims, but hold that Johnson's complaint states a claim under the Eighth Amendment.

For purposes here we accept as true the allegations in Johnson's complaint. *See Westefer v. Snyder*, 422 F.3d 570, 574 (7th Cir. 2005). According to Johnson, in February 2005 he was placed in administrative detention in the Special Housing Unit at Greenville pending an investigation into allegations that he was extorting money from another inmate, Ralph Barnes. Two weeks later, three of the named defendants—Warden Revell, Captain Smith, and Correctional Officer Gelios—ordered Johnson moved to a "dry cell" in the same unit because another inmate had accused him of distributing drugs. When Johnson arrived at the dry cell, a guard asked if he had to urinate, and Johnson said he did not. What Johnson did not realize is that the guard was asking for a urine sample, and his answer was deemed a refusal that later prompted a disciplinary charge. The disciplinary hearing officer found Johnson guilty and sanctioned him by revoking 40 days of good-time credit, ordering him to serve 30 days in disciplinary segregation, and suspending his visiting privileges for one year.

Meanwhile, Johnson spent six days in the dry cell. Dry cells allow prison officials to closely observe inmates suspected of ingesting or concealing contraband. *See* 28 C.F.R. § 552.12. The cell was "frigid," but Johnson was permitted no clothing except his underwear and no bedding except a bare mattress. As a result, he alleges, he experienced difficulty breathing and suffered severe headaches and a sore throat. Two other inmates housed during the same week in the Special Housing Unit, though not in dry cells, confirm in affidavits attached to Johnson's complaint that the cells in the unit were extremely cold and they also experienced colds, fevers, and headaches even though they had clothing. Johnson also was lacking a wash basin, water, soap, toothbrush, toothpaste, toilet paper, and other personal hygiene items while in the dry cell. As a result, he alleges, he developed a genital rash and a gum infection. Johnson complained to a fourth defendant, Correctional Officer Chambers, about the temperature and lack of hygiene items but did not receive any blankets, clothes, or other supplies while in the dry cell. Chambers, though, did file a disciplinary charge accusing Johnson of insolence.

The extortion accusation that triggered Johnson's administrative detention eventually led to a further disciplinary charge in April 2005. After a hearing Johnson was found guilty of extorting Barnes based on the confidential investigative file, a statement from the investigating officer, copies of money orders sent to Johnson's mother by a relative of Barnes, and statements from Barnes and his cell mate. For this infraction, Johnson lost another 27 days of good time and was ordered to serve 21 more days in segregation.

Johnson then filed suit in December 2005, seeking expungement of his disciplinary convictions for refusing the urine test and extorting Barnes, and damages for those convictions as well as his confinement in the dry cell. The district court dismissed Johnson's due process claims arising from the disciplinary convictions because, the court explained, his sole remedy was a petition for habeas corpus. The court also dismissed the Eighth Amendment claim, reasoning that Johnson had "not shown" in his complaint that the relevant defendants—Revell, Smith, Gelios, and Chambers—acted with a "culpable state of mind." On appeal Johnson argues that all of his claims should have survived screening.

We review *de novo* a dismissal under § 1915A for failure to state a claim. *Westefer*, 422 F.3d at 574. To satisfy the notice-pleading requirements of Federal Rule of Civil Procedure 8(a)(2), a complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); *see Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007). A plaintiff must "provide the grounds of his entitlement to relief" by saying enough to "raise a right to relief above the speculative level," *Twombly*, 127 S. Ct. at 1964-65 (internal quotation marks, brackets, and citation omitted), though "[s]pecific facts are not necessary," *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007). *See Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007). *Pro se* complaints are liberally construed and held to less-exacting standards than those drafted by counsel. *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001).

The district court properly dismissed the due process claims relating to Johnson's disciplinary convictions. Johnson lost good time and the convictions still stand, so his only means of challenging them is a petition for habeas corpus. *See Muhammad v. Close*, 540 U.S. 749 (2004); *Edwards v. Balisok*, 520 U.S. 641, 649 (1997). The district court dismissed these claims without prejudice, so Johnson's ability to pursue them under 28 U.S.C. § 2241 is preserved. *See Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973); *Whitlock v. Johnson*, 153 F.3d 380, 389 (7th Cir. 1998).

As to Johnson's Eighth Amendment claim, however, we conclude that his complaint satisfies notice-pleading standards. To plead an Eighth Amendment claim for unconstitutional conditions of confinement, an inmate need only allege that prison officials knowingly denied him "the minimal civilized measure of life's necessities." *Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999) (internal quotation marks and citation omitted). Those necessities include adequate shelter, clothing, and hygiene items. *See Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). In order to prove his claim, the inmate must produce evidence that, objectively, the conditions fell below constitutional thresholds and that, subjectively, the defendants were aware of those conditions but did nothing to

correct them. *See Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994); *Gillis*, 468 F.3d at 491. But proof comes later; the complaint need only "give enough detail to illuminate the nature of the claim and allow defendants to respond." *George v. Smith*, 507 F.3d 605, 608 (7th Cir. 2007).

Johnson's complaint does this. He alleges that defendants Revell, Smith, and Gelios confined him in a frigid dry cell for six days in early March wearing only his underwear and without bedding for warmth, water, or basic hygiene items. And he alleges that he and other inmates complained about the conditions, in particular to defendant Chambers, to no avail. This is enough to plead both the objective and subjective components of a conditions-of-confinement claim. *See Dixon v. Godinez*, 114 F.3d 640, 642-43, 645 (7th Cir. 1997) (reversing summary judgment for defendants on Eighth Amendment claim that prison officials knew of and did nothing to correct cells where water froze on walls, average temperature was 40 degrees, and standard-issue clothing and bedding were insufficient to keep extremities warm); *Antonelli v. Sheahan*, 81 F.3d 1422, 1429, 1433 (7th Cir. 1996) (holding that complaint alleging that prison officials deliberately failed to provide blankets in "extremely cold indoor air" stated an Eighth Amendment claim); *Murphy v. Walker*, 51 F.3d 714, 721 (7th Cir. 1995) (holding that complaint alleging that prisoner spent week and a half in cell without adequate heat, clothing, or bedding stated Eighth Amendment claim); *Del Raine v. Williford*, 32 F.3d 1024, 1031, 1035-36 (7th Cir. 1994) (reversing summary judgment for defendants on prisoner's claim that being housed in cell with broken windows and no outerwear or blankets when outside wind chill was below zero violated Eighth Amendment); *Kimbrough v. O'Neil*, 523 F.2d 1057, 1058-59 (7th Cir. 1975) (holding that complaint alleging that pretrial detainee spent 3 days in cell without toilet, water, mattress, bedding, soap, toilet paper, or towels stated claim for unconstitutional conditions of confinement); *Chandler v. Baird*, 926 F.2d 1057, 1063, 1065 (11th Cir. 1991) (reversing summary judgment for defendants on prisoner's Eighth Amendment claim that he was housed in his underwear for 16 days in 60-degree cell without bedding, soap, toothbrush, toothpaste, or, for 2 days, water); *McCray v. Burrell*, 516 F.2d 357, 367, 369 (4th Cir. 1975) (holding that complaint alleging that prisoner spent 46 hours in cell without clothing, mattress, blanket, water, and any personal hygiene items stated violation of Eighth Amendment).

We draw no conclusions about the truth of Johnson's allegations or about the strength of the evidence he might offer to corroborate them. We hold only that his complaint says enough to require an answer from the pertinent defendants. Accordingly, we VACATE the dismissal of Johnson's claim that defendants Revell, Smith, Gelios, and Chambers confined him in a dry cell under conditions that violated the Eighth Amendment, and REMAND that claim for further proceedings.

In all other aspects the judgment of the district court is AFFIRMED.