NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted June 18, 2008[*]
Decided June 19, 2008

**Before**

JOHN L. COFFEY, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 07-2726

| | |
|---|---|
| RANDALL A. RADUNZ, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Western District of Wisconsin. |
| | |
| *v.* | No. 07-C-270-S |
| | |
| BRUCE VON HADEN, et al., | John C. Shabaz, |
| *Defendants-Appellees*. | *Judge*. |

**O R D E R**

A private citizen, acting at the request of a sheriff's investigator, entered a barn owned by Randall Radunz and took two guns that became the basis for revoking Radunz's probation.  Radunz sued both men, claiming that they had violated his Fourth Amendment right to be free from unreasonable searches and seizures.  The district court, apparently

---

[*] The appellees were not served with process in the district court and are not participating in this appeal.  After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary.  Thus the appeal is submitted on the appellant's brief and the record.  *See* FED. R. APP. P. 34(a)(2).

reasoning that Radunz did not allege state action, dismissed the complaint at screening. *See* 28 U.S.C. § 1915A(b)(1). We vacate the dismissal and remand for further proceedings.

For purposes here we accept as true the allegations in the complaint, *see Westefer v. Snyder*, 422 F.3d 570, 574 (7th Cir. 2005), which encompasses the several attachments Radunz included with his complaint, *see* FED. R. CIV. P. 10(c); *Segal v. Geisha NYC LLC*, 517 F.3d 501, 504-05 (7th Cir. 2008). In the early morning of May 10, 2003, Radunz, along with Ryan Gemoll and another man, brought a woman they had been out with the night before to a hospital in St. Paul, Minnesota, because she apparently had overdosed on drugs. The woman—Tonya Cusinato—died the next day, and the sheriff's department in nearby Pierce County, Wisconsin, began investigating whether she actually had been murdered. As part of that inquiry, Investigator Bruce Von Haden obtained a search warrant for Radunz's home in Pierce County where Cusinato had been with Radunz, Gemoll, and the third man just before they took her to the hospital. Von Haden executed the search warrant on May 15 and found cocaine, marijuana, and ammunition in the house and a barn on the property. The next day Von Haden filed with the issuing court an inventory of property seized during the search.

Von Haden then interviewed Gemoll. After discussing Cusinato's death, Von Haden asked Gemoll if Radunz had a gun. Gemoll answered that Radunz used an old refrigerator in the barn to store guns that he let Gemoll use for target shooting. Von Haden replied that he was "really piss[ed] off" about overlooking the weapons, and he suggested that Gemoll go get the guns and bring them back to the sheriff's office. After Gemoll agreed, Von Haden cautioned him to avoid disturbing any fingerprints on the guns and to wear gloves to avoid adding his own prints. Von Haden also counseled Gemoll to safely transport the weapons in an unloaded condition. Gemoll then left and returned with two handguns.

A few weeks later, Radunz received notice that the state was seeking to revoke his probation based on his possession of the cocaine and handguns found on his property. Radunz had been sentenced to probation a year earlier for a gun violation; after his probation was revoked, he was sentenced to two years in prison. He served that time and was transferred to a jail in Minnesota to stand trial for the murder of Cusinato. Radunz eventually pleaded guilty to manslaughter and is currently serving an 88-month sentence.

In May 2007, four years after the guns were recovered, Radunz filed this lawsuit against Von Haden, Gemoll, and nine other persons who have no conceivable involvement in these events and need not be mentioned further. Radunz claims that the warrantless entry into his barn and the seizure of his guns violated the Fourth Amendment. In dismissing the complaint at initial screening, the district court declared without explanation that "[t]he taking of the guns by Gemoll was not a search to which the Fourth Amendment

applies." The court added, again without explanation, that Radunz had not alleged that any defendant "acting under color of state law violated his Fourth Amendment rights." Radunz moved for reconsideration, pointing out that he had alleged in his complaint that Gemoll was acting as Von Haden's agent when he took the guns. The district court denied the motion, reasoning that "[a]ny burglary that Gemoll may have committed was not done under color of state law." On appeal Radunz argues that his Fourth Amendment claim should have survived screening.

We review § 1915A dismissals de novo, applying the same standard used for evaluating dismissals as under Federal Rule of Civil Procedure 12(b)(6). *Westefer*, 422 F.3d at 574. To satisfy the notice-pleading requirements of Federal Rule of Civil Procedure 8(a)(2), a complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); *see Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007). A plaintiff must "provide the grounds of his entitlement to relief" by saying enough to "raise a right to relief above the speculative level," *Twombly*, 127 S. Ct. at 1964-65 (internal quotation marks, brackets, and citation omitted), though "[s]pecific facts are not necessary," *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007). *See Tamayo v. Blagojevich*, 526 F.3d 1074, 2008 WL 2168638 at *5-6 (7th Cir. 2008); *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007). Pro se complaints are construed liberally and held to less-exacting standards than those drafted by counsel. *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001).

The district court erred. A plaintiff states a claim under 42 U.S.C. § 1983 by alleging that a person acting under color of state law deprived him of a federal right. *Christensen v. County of Boone*, 483 F.3d 454, 459 (7th Cir. 2007); *Lekas v. Briley*, 405 F.3d 602, 606 (7th Cir. 2005). Radunz does this, and while further factual development may doom his lawsuit, we cannot conclude on the basis of his complaint that he has no entitlement to recovery.

The district court apparently thought it dispositive that Gemoll and not Von Haden was the one who retrieved the guns, but the state-action element is met whenever the plaintiff can show "sufficient state involvement in the action in question to trigger constitutional protections." *Cunningham v. Southlake Ctr. for Mental Health, Inc.*, 924 F.2d 106, 107 (7th Cir. 1991). There is state action, for example, when the "state effectively directs, controls, or encourages the actions of a private party," *Wade v. Byles*, 83 F.3d 902, 905 (7th Cir. 1996), or when, in the Fourth Amendment context, a private party acts as an instrument or agent of the state, *see United States v. Hall*, 142 F.3d 988, 993 (7th Cir. 1998). And that is the situation if, as happened here, a government official induced the private party to act. *See United States v. Shahid*, 117 F.3d 322, 325-26 (7th Cir. 1997); *United States v. Koenig*, 856 F.2d 843, 849-50 (7th Cir. 1988). Radunz alleges that Von Haden asked Gemoll to get the guns from the barn and instructed him to transport the weapons safely, and Von Haden's

own report and the transcript of his interview with Gemoll, both of which are attached to the complaint, support Radunz's allegations. Von Haden proposed the search and thus obviously anticipated that Gemoll would conduct it, and Gemoll's very purpose was to help Von Haden, which suggests beyond a speculative level that Gemoll was acting under color of state law.

The complaint, then, must be answered by Von Haden and Gemoll, but we hasten to add that we take no position on Radunz's likelihood of success. A few additional facts may establish that the search was reasonable—and that the Fourth Amendment was not violated—if an exception to the warrant requirement applied. *See United States v. Bell*, 500 F.3d 609, 612 (7th Cir. 2007). The barn, for example, might have been outside of the home's curtilage, *see United States v. Dunn*, 480 U.S. 294, 300-01 (1987); *Bleavins v. Bartels*, 422 F.3d 445, 450-51 (7th Cir. 2005), or Gemoll himself may have possessed actual authority to consent to a search, *see United States v. Matlock*, 415 U.S. 164, 171 (1974); *United States v. Groves*, 470 F.3d 311, 318 (7th Cir. 2006). During his interview, Gemoll told Von Haden that he had to get keys from Radunz in order to access the locked barn on the night Cusinato died, which suggests that Gemoll did not have shared access or full authority over the barn. *See Groves*, 470 F.3d at 319. On the other hand, in his order revoking Radunz's probation, the administrative law judge referred to the barn as Gemoll's residence, suggesting that Gemoll could consent. *See United States v. Parker*, 469 F.3d 1074, 1077 (7th Cir. 2006).

A search warrant, moreover, might have been unnecessary because Radunz was on probation, *see United States v. Knights*, 534 U.S. 112, 119 (2001); *United States v. Jones*, 152 F.3d 680, 686 (7th Cir. 1998), though in Wisconsin such searches generally are authorized by probation officers rather than the police, and at this stage we do not know whether the conditions of Radunz's probation gave the power to search to all law enforcement officers. *See* WIS. ADMIN. CODE DOC § 328.21(3); *compare United States v. Freeman*, 479 F.3d 743, 748 (10th Cir. 2007) (holding that warrantless search by police officers was unreasonable where parole agreement authorized only parole officers to conduct search without warrant); *United States v. Lopez*, 474 F.3d 1208, 1214 (9th Cir. 2007) (reasoning that police officers may search parolee's residence or person without a warrant if parole conditions so specify); *and United States v. Carnes*, 309 F.3d 950, 962-63 (6th Cir. 2002) (holding that warrantless search by parole and police officers was unreasonable where neither parole agreement nor state regulation authorized searches without warrant), *with United States v. Yuknavich*, 419 F.3d 1302, 1310-11 (11th Cir. 2005) (holding that, in absence of probation condition authorizing searches generally, warrantless search of computer by probation officers was a reasonable means of enforcing specific condition restricting Internet usage), *and United States v. Keith*, 375 F.3d 346, 350 (5th Cir. 2004) (concluding that warrantless search by probation and police officers was reasonable despite lack of probation condition or state regulation authorizing such searches because "the needs of the probation system outweigh the privacy rights of the

probationers generally"). Any one of these exceptions would defeat Radunz's claim, as might other arguments not mentioned here. Our point is simply that the complaint is sufficient to state a claim, even if the prospect of recovery might be remote.

The judgment in favor of Bruce Von Haden and Ryan Gemoll is VACATED, and the case is REMANDED for further proceedings as against those defendants. In all other respects, the judgment is AFFIRMED.