NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 21, 2011[*]
Decided September 21, 2011

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

| | |
|---|---|
| No. 11-1420 | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| CARL RUCKER and RUCKER DETECTIVE AGENCY, *Plaintiffs-Appellants*, | No. 08-C-916 |
| *v.* | Rudolph T. Randa, *Judge*. |
| STEVEN M. GLOE, et al., *Defendants-Appellees*. | |

**O R D E R**

Carl Rucker, an African American and the sole proprietor of Rucker Detective Agency, sued his former employee Roberta Gamez and sixteen Wisconsin state employees

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

under 42 U.S.C. § 1983, claiming various civil-rights violations during two investigations and administrative proceedings brought against him and his company by Wisconsin's Department of Regulation and Licensing (DRL). The district court dismissed Gamez and eleven state employees from the suit and later granted summary judgment for the remaining defendants. We affirm.

Rucker's complaint primarily claimed equal-protection and due-process violations in connection with investigations and proceedings by the DRL against him in 1987–1991 and 2000–2004. During the first stint in question, in 1987–1991, he alleged that he was investigated by racially-motivated state employees and wrongfully sued by a DRL prosecutor in a "frivolous," racially-biased complaint. These actions were taken, he alleged, in response to "innocent" misstatements that he had made to the state in a contract proposal. During the second stint in question, in 2000–2004, he alleged that racially-motivated state investigators pressured his employees into providing "bogus information" about him. Further, he alleged, a biased administrative law judge placed false information into the record at department hearings. These actions were taken, he alleged, in response to a "false and retaliatory" complaint (concerning his employment of unlicensed personnel) that his former employee Gamez had filed against him after he fired her. The DRL determined after both investigations that Rucker violated Wisconsin law by engaging in conduct reflecting adversely on his professional qualifications, *see* WIS. STAT. § 440.26(6)(a)(2), and imposed fines and sanctions that Rucker found excessive.

During the district court proceedings, Rucker filed various procedural and discovery motions. Along with his complaint, he paid the filing fee and moved for appointment of counsel. The court denied that motion, as well as his later motion to proceed in forma pauperis (IFP). Gamez, a pro se defendant, filed a letter denying the allegations against her; the court construed this letter as a motion to dismiss and granted it, ruling that Rucker failed to state a claim against her. As discovery proceeded, Rucker moved to compel discovery against the state employees. The court denied the motion, explaining that he did not demonstrate the relevance of documents sought and had refused to travel from Milwaukee to Madison to inspect documents that were produced. Next the state employees filed a motion to dismiss, which the court construed as a motion for judgment on the pleadings. The court partially granted this motion, allowing Rucker's equal-protection claim to proceed against five state employees but dismissing the other claims as either time-barred or not legally cognizable. After the remaining defendants moved for summary judgment, Rucker moved to extend the discovery deadline; the court, however, denied his motion because he did not diligently prosecute his claims.

Rucker responded to the defendants' motion for summary judgment by submitting his own affidavit and some exhibits to show racial discrimination by DRL employees in

their investigation and prosecution of him in 2000–2004. He stated in the affidavit that the DRL prosecutor "formed a network of bigots," that the DRL intentionally maintained "false and misleading" information about him and his agency as a pretext for racial bias, and that "majority (white-owned) businesses do not experience such [racially biased] behavior from defendants." He also asserted that the defendants "produced no evidence that white agencies were so harshly disciplined for one minor infraction." The district court granted the defendants' motion for summary judgment, finding that Rucker did not establish race discrimination because his affidavit was based on "unsupported speculation" about the defendants' racial animus and he otherwise provided no evidence that similarly-situated white-owned agencies were treated more favorably than him.

On appeal Rucker first argues that the district court abused its discretion by denying his IFP motion, purportedly because it harbored "prejudicial feelings" toward him. But the court correctly denied that motion because Rucker had already paid the full filing fees and served process on all defendants. The statute governing IFP proceedings concerns the prepayment of filing fees. 28 U.S.C. § 1915(a)(1). And as the court correctly noted, Rucker was responsible for his own litigation expenses beyond the initial filing fees. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1132 (6th Cir. 1997); *Tabron v. Grace*, 6 F.3d 147, 158–59 (3d Cir. 1993).

Next Rucker argues that the district court abused its discretion by denying his motion for appointment of counsel; he says that the court misapprehended his request as pertaining to only one scheduling conference rather than the entire case, and that the lack of counsel "cripple[d] [his] ability to prosecute his claim." The court, however, properly denied the motion; applying *Pruitt v. Mote*, 503 F.3d 647, 654–55 (7th Cir. 2007) (en banc), the court confirmed that Rucker had reasonably attempted to obtain an attorney, found him capable—based on his court submissions—of litigating on his own behalf, and deemed the case noncomplex. The court's ruling was reasonable because Rucker's submissions revealed that he is experienced in filing lawsuits, personally aware of the facts relevant to his claims, and familiar with the practice of serving process, amending complaints, and submitting supporting documents. *See id.* at 655; *Jackson v. Kotter*, 541 F.3d 688, 700–01 (7th Cir. 2008).

Rucker next argues that the district court erred by dismissing Gamez because it improperly construed the letter she filed with the court as a motion to dismiss. But the court was entitled to interpret her letter liberally (given her pro se status) as a motion to dismiss, *see, e.g., Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001), especially because she noted the complaint's lack of specific allegations against her—a ground for dismissal, *see, e.g., Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007). And as the court correctly concluded, Rucker failed to state a claim under § 1983 against Gamez; to do so, Rucker needed to allege a conspiracy between state employees and her to deprive

him of his constitutional rights. *See, e.g., Wilson v. Price*, 624 F.3d 389, 394 (7th Cir. 2010). But he alleged only that Gamez filed a "false and retaliatory complaint," which state employees used "as a pretext to launch duplicate investigations against" him; these allegations do not describe a conspiracy.

Rucker further argues that the district court's bias against him tainted its denials of his various discovery motions, including motions to compel, extend discovery, issue subpoenas, and stay further proceedings. But Rucker does not present any legal arguments or case citations to explain why the court's denials were an abuse of discretion, *see* FED. R. APP. P. 28(a)(9)(A), and we will not manufacture or research legal arguments for litigants, even those who proceed pro se. *See, e.g., Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001); *Mathis v. New York Life Ins. Co.*, 133 F.3d 546, 548 (7th Cir. 1998) (per curiam).

Rucker also argues that the district court "wrongfully" granted the state employees' motion to dismiss his claims against them (excluding the equal-protection claims that proceeded to summary judgment) because the court "disregarded" his pro se status and discriminated against him. But here, too, Rucker offers no legal grounds for disrupting the court's rulings on these claims, and even a pro se appellant must present a reason for overturning the district court's judgment. *See Anderson*, 241 F.3d at 545–46.

Finally, Rucker asserts that the district court erred by concluding at summary judgment that he had not established a prima facie case for race discrimination against the five remaining defendants. He insists that the defendants needed to "provide some evidence that white-owned detective agencies were treated the same." But as the court correctly stated, establishing race discrimination under § 1983 and the equal-protection clause required Rucker to show that he was treated less favorably than a similarly-situated agency owner outside his protected class. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Salvadori v. Franklin Sch. Dist.*, 293 F.3d 989, 997 (7th Cir. 2002); *see also Radentz v. Marion County*, 640 F.3d 754, 757 (7th Cir. 2011) (noting that same standards for proving intentional discrimination apply to Title VII and § 1983 equal protection claims). His suggestion that the evidentiary burden rests with the defendants is incorrect. *See Salvadori*, 293 F.3d at 997. Because Rucker put forth no competent evidence that he was treated differently from a similarly-situated agency owner outside his class, summary judgment was properly granted for the defendants.

AFFIRMED.