**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4003
_____

WADE ANTHONY MASON,
Appellant

v.

DOCTOR PEIRCE, GEORGE W. HILL CORRECTIONAL FACILITY MEDICAL
DEPARTMENT AND MEDICAL RECORDS; NURSE MS. JEFFERSON; SEGT. JONES;
SEGT. SIMMONS
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-13-cv-02498)
District Judge:  Honorable Thomas N. O'Neill, Jr.
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 27, 2014
Before:  SMITH, HARDIMAN and GREENBERG, Circuit Judges

(Opinion filed: March 14, 2014)
_____

OPINION
_____

PER CURIAM

Pro se appellant Wade Mason appeals the District Court's orders dismissing his

complaints under 28 U.S.C. § 1915 and denying his motion for reconsideration and leave to

amend.  We have jurisdiction under 28 U.S.C. § 1291.  We exercise plenary review over the

1

District Court's dismissal order, see Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000), and review the denial of the motion for reconsideration and leave to amend for abuse of discretion, see Jang v. Boston Scientific Scimed, Inc., 729 F.3d 357, 367 (3d Cir. 2013). For the reasons set forth below, we will summarily affirm the District Court's judgment.

Mason initiated this action by filing a complaint under 42 U.S.C. § 1983 in the District Court. In the complaint, Mason alleged that the relevant "issues happen[ed] at Delaware County jail in their medical hospital," and he named as defendants a doctor, a nurse, and two correctional officers (collectively, "the defendants"). However, Mason did not provide any meaningful allegations of wrongdoing as to those defendants; rather, he complained that a police officer — who was not named as a party in the complaint — had used excessive force in the course of arresting him and had then refused to provide medical care. Mason requested $100 million in damages.

The District Court dismissed the complaint, but provided Mason with 30 days to file an amended complaint. In its order, the Court provided specific instructions to Mason, stating, among other things, that any amendment should clearly explain how each named defendant had violated his constitutional rights.

Mason then filed two separate purported amendments. The first was entitled, "Complaint for Good Sold and Delivered," and alleged that "defendant" owed him $25,000 "for the incurred expenses and delivered by plaintiff to defendant." The second was entitled, "Complaint for Negligence," and alleged that "defendant" had negligently driven a motor vehicle into him. Neither amendment identified the defendant against whom the allegations were directed.

The District Court dismissed the amended complaints, holding that Mason had failed to allege the underlying constitutional violation necessary to sustain an action under § 1983. Mason then filed a joint motion for reconsideration and leave to amend, the Court denied the motion, and Mason filed a timely notice of appeal.

We agree with the District Court's disposition of this case. As an initial matter, Mason has waived his right to appeal the District Court's denial of his initial complaint. See U.S. ex rel. Atkinson v. Pa. Shipbuilding Co., 473 F.3d 506, 516 (3d Cir. 2007) (holding that where "it would not have been futile to replead dismissed claims but those claims are nevertheless omitted from an amended pleading, the right to challenge the basis for dismissal on appeal is waived"). Further, even putting aside the waiver, the District Court did not err in dismissing the complaint. While Mason apparently sought to present a claim that the defendants had provided him with constitutionally inadequate medical care, he failed to present the requisite allegations that the defendants had acted with deliberate indifference. See Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Nor did the District Court err in dismissing the amended complaints. As the Court held, Mason did not even attempt to allege that the defendants had violated his federal constitutional or statutory rights, which is a necessary predicate of a claim under § 1983. See Kach v. Hose, 589 F.3d 626, 646 (3d Cir. 2009). Nor did Mason allege that the defendants violated any other federal law. Further, to the extent that Mason sought to present state-law claims, he failed to plead the facts necessary to establish diversity jurisdiction. He did not allege that he and the defendants are citizens of different states, and even aggregating his amount-in-controversy allegations as to the two separate claims — and it is not clear that he is entitled to aggregation,

3

see <u>Travelers Prop. Cas. v. Good</u>, 689 F.3d 714, 717-18 (7th Cir. 2012) — yields an amount below the $75,000 jurisdictional threshold.  <u>See</u> 28 U.S.C. § 1332; <u>see also</u> Fed. R. Civ. P. 8(a)(1).  Therefore, we will affirm the District Court's dismissal of the amended complaints.[1]

We further discern no abuse of discretion in the District Court's order denying Mason's request for reconsideration and leave to amend.[2]  We have explained that "where a timely motion to amend judgment is filed under Rule 59(e), the Rule 15 and 59 inquiries turn on the same factors," <u>Jang</u>, 729 F.3d at 367 (quotation marks, alteration omitted); thus, a district court may deny the motion on the basis of "undue delay, bad faith, prejudice, or futility," <u>Burtch v. Milberg Factors, Inc.</u>, 662 F.3d 212, 230-31 (3d Cir. 2011) (quotation marks omitted).  Here, the District Court had previously provided Mason with leave to amend and explicit guidance about how to comply with the pleading requirements, and, despite filing two amendments, Mason nevertheless still failed to state a legally valid claim.  Nothing in Mason's motion — which sought leave to amend but gave no hint as to what allegations would be included in an amended complaint — suggested that he would be able to cure the various deficiencies in his pleadings through further amendment.  We are therefore satisfied that amendment would have

---

[1] We note that in addition to the jurisdictional problem, Mason's substantive allegations are vague, conclusory, and at times contradictory:  for instance, he alleges that he was struck by an automobile in Boston, Massachusetts, on May 8, 2013, while his prisoner-account statement indicates that he was incarcerated in Pennsylvania at that time.

[2] While Mason did not explicitly frame his filing as a joint motion to reconsider and amend, that is the relief that he sought, and we will judge a filing "by its substance rather than according to its form or label." <u>Lewis v. Att'y Gen.</u>, 878 F.2d 714, 722 n.20 (3d Cir. 1989).

been futile.[3]  See Travelers Indem. Co. v. Dammann & Co., 594 F.3d 238, 243 (3d Cir. 2010); see also Airborne Beepers & Video, Inc. v. AT&T Mobility LLC, 499 F.3d 663, 666-67 (7th Cir. 2007).  The District Court therefore did not err in denying Mason's motion.

Accordingly, we will summarily affirm the District Court's judgment.  See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.  We also deny Mason's petition requesting modification of his sentence or transfer from prison to a hospital.  To the extent Mason seeks to modify his sentence, he must assert this claim in a habeas corpus petition, see, e.g., Preiser v. Rodriguez, 411 U.S. 475, 500 (1973), and, for either form of relief, Mason must make a request first in the District Court before raising the claim here, see Eid v. Thompson, 740 F.3d 118, 125 (3d Cir. 2014).

---

[3] For the same reason, the District Court did not err in dismissing the amended complaints without sua sponte providing further leave to amend.  See generally Grayson v. Mayview State Hosp., 293 F.3d 103, 106 (3d Cir. 2002).