**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3174
_____

PAUL J. MCKENZIE,
                                        Appellant

v.

BARBARA H. NIXON; THOMAS W. GREGORY; ALAN E. CLARKSON

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. Action No. 1-12-cv-02241)
District Judge:  Honorable Sylvia H. Rambo

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 8, 2014
Before:  AMBRO, SHWARTZ and NYGAARD, Circuit Judges

(Opinion filed: April 10, 2014)
_____

OPINION
_____

PER CURIAM

        Pro se appellant Paul McKenize appeals from the District Court's order dismissing

his complaint.  We have jurisdiction pursuant to 28 U.S.C. § 1291 and exercise a plenary

standard of review.  See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).  For the

reasons that follow, we will affirm the District Court's judgment.

1

In this 42 U.S.C. § 1983 case, McKenzie has made two primary allegations. First, he contends that Detective Alan Clarkson coerced a statement (presumably implicating him) from McKenzie's ex-girlfriend while she was on prescription drugs, intoxicated, and "in a shocked mental state." Second, he alleges that, relying on this coerced statement, Detective Clarkson submitted an affidavit of probable cause to arrest to Magistrate Judge Barbara Nixon, who is the victim's mother, and to Magistrate Judge Haskell, who is not a named defendant. The arrest warrant was issued, and McKenzie was arrested.

Based on these allegations, McKenzie filed a complaint, naming Detective Clarkson and Judge Nixon as defendants.[1] McKenzie claimed that he had been falsely arrested and that his due process rights had been violated, and requested money damages from both defendants and injunctive relief against Judge Nixon. The complaint, however, was underdeveloped, and the District Court ordered McKenzie to file an amended complaint that complied with Fed. R. Civ. P. 8. McKenzie filed an amended complaint (that did not specify the relief he sought), the defendants filed motions to dismiss, and the District Court granted the defendants' motions and dismissed the amended complaint. McKenzie then filed a timely notice of appeal.

We will affirm the District Court's dismissal of McKenzie's amended complaint. First, McKenzie has claimed that Judge Nixon violated his due process rights by failing to recuse herself in a case in which her daughter was the alleged victim. These

---

[1] McKenzie also named Thomas Gregory, a private attorney, as a defendant. The District Court granted Gregory's motion to dismiss, and by order entered October 24, 2013, we granted Gregory's motion for summary action.

allegations are troubling: it appears that, at the least, it would be a violation of Pennsylvania's Rules Governing Standards of Conduct of Magisterial District Judges for a magistrate judge to preside over a proceeding in which her child was involved, see Pa. R.M.D.J. Rule 8(A). At the same time, the allegations are also vague and equivocal: from McKenzie's amended complaint, it is not clear whether Judge Nixon actually did preside over any part of his case; [2] rather, it may be that the only magistrate judge involved was Judge Haskell, against whom McKenzie has made no allegations.

In any event, we need not delve deeper into these facts because Judge Nixon would be entitled to absolute judicial immunity from suits for money damages. See Mireles v. Waco, 502 U.S. 9, 11 (1991) ("judicial immunity is not overcome by allegations of bad faith or malice") (citations omitted); see also Savoie v. Martin, 673 F.3d 488, 493 (6th Cir. 2012) (the fact that a judge "probably should have recused himself . . . . does not nullify his judicial immunity"). Accordingly, McKenzie is entitled to no relief on his claim against Judge Nixon. [3]

McKenzie's claim against Detective Clarkson fares no better. In the District Court, McKenzie argued that Detective Clarkson had coerced the statement from the victim while she was impaired, and then failed to inform the magistrate judge about that relevant information when he requested the arrest warrant. See generally Wilson v.

---

[2] McKenzie also occasionally mentions his arraignment, but Judge Nixon's role, if any, in the arraignment is even less clear than her role in issuing the arrest warrant.

[3] Moreover, in his amended complaint, McKenzie has not stated whether he seeks monetary or injunctive relief. To the extent that he seeks injunctive relief against Judge Nixon, the claim is barred by § 1983, which provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." McKenzie has "allege[d] neither the violation of a declaratory decree, nor the unavailability of declaratory relief," which is fatal to this (potential) claim. Montero v. Travis, 171 F.3d 757, 761 (2d Cir. 1999). Finally, although it is unclear from McKenzie's complaint whether he seeks injunctive relief at all, let alone release from prison, we note that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." Heck v. Humphrey, 512 U.S. 477, 481 (1994) (citations omitted).

Russo, 212 F.3d 781, 786-87 (3d Cir. 2000). However, before this Court, he has disavowed any such claim, and in fact materially changed his factual allegations. In his appellate brief, he no longer claims that Detective Clarkson coerced a statement from the victim at the hospital; instead, he says that days after being discharged from the hospital, the victim voluntarily went to the police station and filed charges against him. Thus, McKenzie has waived any challenge to the District Court's denial of his claim that Detective Clarkson obtained the arrest warrant based on materially false statements. See United States v. Pelullo, 399 F.3d 197, 222 (3d Cir. 2005).

McKenzie argues on appeal that Detective Clarkson violated his constitutional rights by submitting the affidavit of probable cause to Judge Nixon, rather than a neutral magistrate.[4] Even assuming that an officer can be liable for false arrest under § 1983 for submitting a probable-cause affidavit to a magistrate who is not neutral and detached, see Messerschmidt v. Millender, 132 S. Ct. 1235, 1245 & n.1 (2012); United States v. Leon, 468 U.S. 897, 914, 923 (1984), McKenzie is entitled to no relief. First, as noted above, he has failed to plead that Judge Nixon was in fact the magistrate to issue the arrest warrant. Second, he has failed to plead that Detective Clarkson knew or had reason to know that Judge Nixon was the victim's mother. See United States v. Rodriguez-Suazo, 346 F.3d 637, 649 (6th Cir. 2003) (holding that a claim like this can succeed "only if the police officer knew or should be charged with knowledge . . . that the magistrate abandoned his or her neutral and detached function" (quotation marks omitted)).

---

[4] It is not clear whether McKenzie raised this claim before the District Court; to the extent that he did not, the claim is now waived. See Del. Nation v. Pennsylvania, 446 F.3d 410, 416 (3d Cir. 2006).

4

Therefore, the District Court did not err in dismissing this claim.

Finally, because the District Court had previously permitted McKenzie to amend his complaint and had provided him with clear guidance as to the information that the amended complaint should contain, the Court did not abuse its discretion in declining to provide McKenzie leave to amend the complaint again.  See Airborne Beepers & Video, Inc. v. AT&T Mobility LLC, 499 F.3d 663, 666-67 (7th Cir. 2007).

Accordingly, we will affirm the District Court's judgment.  Clarkson's motion to file a supplemental appendix is granted.