**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2933
_____

MARGARET GRANT,
                    Appellant

v.

UNITED STATES POST OFFICE; POSTMASTER GENERAL OF THE UNITED
STATES; FRED HRINUK; MARTIN P. ISRAEL; EMILIO P. MILITO;
DEBORAH SMITH; ANTHONY V. MERLINO; JOHN DOE
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2:19-cv-09107)
District Judge:  Honorable Susan D. Wigenton

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 11, 2023
Before:  HARDIMAN, PORTER, and FREEMAN, <u>Circuit Judges</u>

(Opinion filed: June 5, 2023)
_____

OPINION[*]
_____

**PER CURIAM**

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Margaret Grant appeals pro se from the District Court's order dismissing her employment discrimination action. For the reasons set forth below, we will affirm the District Court's judgment.

I.

In 2019, Grant, a former employee of the United States Postal Service ("USPS"), initiated this action, through counsel, against USPS, the Postmaster General, and various USPS employees, raising claims of retaliation and discrimination. Grant later filed the operative second amended complaint, raising only a claim of retaliation under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-3(a), against USPS and the Postmaster General.

Grant alleged that her position was eliminated in 2010 when USPS closed the New Jersey facility in which she worked. Grant then became an "unassigned regular," who, according to a collective bargaining agreement ("CBA"), was entitled to be reassigned to a new role. Grant was reassigned to another role and subsequently bid for a bulk mail position, though she failed the qualifying exam for the role. According to Grant, she should have then been permitted to remain in her existing position or reassigned to a different vacant position, but she was instead terminated. Grant's union filed a grievance and, after the matter was submitted to arbitration, Grant was permitted to re-take the test. However, she again failed, and, in August 2013, she was terminated instead of being reassigned. Grant alleged that the decision to terminate her instead of reassigning her to a different role was made in retaliation for a 2011 complaint of discrimination she had filed

2

with the Equal Employment Opportunity Commission ("EEOC") and related complaints she made to the Postmaster General and various elected officials.

The defendants filed a motion to dismiss the second amended complaint under Federal Rule of Civil Procedure 12(b)(6).  On September 26, 2022, the District Court granted the motion upon concluding that Grant failed to sufficiently allege a causal connection between her protected activity and her termination.  Grant timely appealed.[1]

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and review the District Court's grant of a motion to dismiss under Rule 12(b)(6) de novo.  See Newark Cab Ass'n v. City of Newark, 901 F.3d 146, 151 (3d Cir. 2018).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Santiago v. Warminster Twp., 629 F.3d 121, 128 (3d Cir. 2010) (citations and quotation marks omitted).  We accept all factual allegations in the complaint as true and construe those facts in the light most favorable to the plaintiff. Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012).

## III.

Grant argues that her second amended complaint alleged sufficient facts to demonstrate that her protected activity played a part in her termination from USPS, and

---

[1] Before Grant filed the operative second amended complaint, the District Court dismissed a number of claims raised in Grant's first amended complaint with prejudice. On appeal, however, Grant challenges only the dismissal of the retaliation claim raised in her second amended complaint.  Thus, any challenge to the District Court's prior dismissal order has been forfeited.  See M.S. ex rel. Hall v. Susquehanna Twp. Sch. Dist., 969 F.3d 120, 124 n.2 (3d Cir. 2020).

that the District Court should have, at the least, provided her further leave to amend her complaint. We agree with the District Court, however, that Grant failed to state a plausible retaliation claim, and that further amendment was not warranted.

To state a claim of retaliation in violation of Title VII, a plaintiff must "plead[] sufficient factual allegations to raise a reasonable expectation that discovery will reveal evidence of the following elements: (1) she engaged in conduct protected by Title VII; (2) the employer took adverse action against her; and (3) a causal link exists between her protected conduct and the employer's adverse action." Connelly v. Lane Constr. Corp., 809 F.3d 780, 789 (3d Cir. 2016).[2] A plaintiff may establish the causation element by showing a "temporal proximity" between the protected activity and the alleged adverse employment action or "circumstantial evidence of a 'pattern of antagonism' following the protected conduct." Kachmar v. SunGard Data Sys., Inc., 109 F.3d 173, 177 (3d Cir. 1997). However, we have noted that "[t]hese are not the exclusive ways to show causation." Id.

We agree with the District Court that the passage of approximately two years between Grant's filing her EEOC complaint in November 2011 and her termination in 2013 is not unduly suggestive of retaliation. See Clark Cnty. Sch. Dist. v. Breeden, 532 U.S. 268, 274 (2001) (per curiam) (concluding that adverse employment action taken 20 months after protected activity "suggests, by itself, no causality at all"). While we have

---

[2] The District Court concluded, and the Appellees do not dispute, that Grant adequately alleged that she engaged in protected activity by filing an EEOC complaint, and that USPS took an adverse employment action against her (termination). Only the issue of causation is in dispute here.

noted that "the absence of immediacy between the cause and effect does not disprove causation," Kachmar, 109 F.3d at 178, Grant's other allegations are insufficient to create a plausible inference of retaliatory motive.

First, Grant relied, in large part, on allegations that other employees had failed qualifying exams and were not terminated, and that vacant positions to which she could have been reassigned were filled by new employees or employees who had not engaged in protected activity. But as the District Court noted, Grant failed to make any specific factual allegations to demonstrate that the other employees were similarly situated to her. See Lesiv v. Ill. Cent. R.R. Co., 39 F.4th 903, 918 (7th Cir. 2022) (noting that "[i]n a case challenging disciplinary action, the plaintiff and comparator ordinarily must have dealt with the same supervisor, [been] subject to the same standards, and ha[ve] engaged in similar conduct without such differentiating or mitigating circumstances as would distinguish their conduct or the employer's treatment of them" (alteration in original) (citation and internal quotation marks omitted)). Second, Grant relied on provisions of the CBA, excerpted in her second amended complaint, dealing with the assignment of unencumbered employees, in alleging that her termination was inconsistent with the CBA. However, as the District Court noted, the provisions relied on by Grant are silent as to whether or not an employee may be terminated for failing to pass a qualifying exam for a position to which they have applied and do not create a plausible inference that Grant's termination was contrary to internal policies or practices. Grant did not otherwise allege sufficient factual matter to "raise a reasonable expectation that discovery will reveal evidence" of retaliatory motive on her employer's part. See Connelly, 809

5

F.3d at 789. We therefore agree with the District Court's decision to dismiss her second amended complaint.

Grant argues that she should have been permitted further leave to amend, and she raises new allegations in her opening brief that she contends would have permitted her complaint to survive the motion to dismiss. We will not consider new allegations for the first time on appeal. See Jenkins v. Superintendent of Laurel Highlands, 705 F.3d 80, 88 n.12 (3d Cir. 2013). And we cannot conclude that the District Court abused its discretion in denying further leave to amend, as Grant already had two prior opportunities—through counsel—to cure the deficiencies in her complaint. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002) (providing that leave to amend need not be provided if it would be inequitable or futile); Airborne Beepers & Video, Inc. v. AT & T Mobility LLC, 499 F.3d 663, 666-67 (7th Cir. 2007) (explaining that, "[w]here the plaintiff has repeatedly failed to remedy the same deficiency," it is not an abuse of discretion to dismiss the complaint with prejudice (citation and internal quotation marks omitted)).

We will accordingly affirm the judgment of the District Court.